## Moore *v.* Barrett Company.

[No. 11,084.    Filed April 19, 1921.]

Monopolies.—*Injury from Trade Monopoly.—Recovery of Statutory Penalty.—Statutes.*—Where the specifications for a road improvement were drawn so as to require the use of a road binder of which the defendant had a monopoly, a contractor who bid on the work, on defendant's assurance that it would furnish him the binder for six cents a gallon, cannot, defendant having subsequently raised the price, recover the statutory penalty provided in §3872 Burns 1914, Acts 1907 p. 490, although the arrangement between defendant and the board of county commissioners and others was in furtherance of a monopoly, and was for that reason criminal under §§3866, 3868 Burns 1914, Acts 1907 p. 490, relating to combinations to restrain trade.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Action by Harry V. Moore against the Barrett Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Edward R. Templer,* for appellant.
*Warner & Warner,* for appellee.

Enloe, J.—This was an action to recover a statutory penalty. The amended complaint, which was in one paragraph, alleged as grounds for the action that— "the defendant is a corporation organized under the laws of Ohio, * * * and that its business is the making and manufacturing a road binder out of tar and various oils and asphalt, the name of which oils is un-

known to the plaintiff, and selling said binder to Boards
of County Commissioners,   *   *   *,   and other public
officials, to be used in binding road materials together;
that defendant is the sole owner of the composition that
composes and constitutes the binder it manufactures and
sells, and that defendant has said binder named 'Tarvia,'
and the name and composition registered in the U. S.
Copyright office as Nos. 59, 151, 188, 452, 86, and 773;
that defendant owns and controls the production and
disposition of said Tarvia binder, and has the sole and
exclusive right to sell, dispose of, and control the sale,
disposal, manufacture, composition and price of the
binder known as Tarvia;   *   *   *   that defendant
does now, and has, since 1912, monopolized the produc-
tion, manufacture, composition, sale, name, disposal,
and price of said Tarvia, and since 1912, and continu-
ously from that date to the present time, the defendant
has had the sole control, sole sale, and sole right to
make and fix the price of Tarvia, and the sole and ex-
clusive power and right to determine and fix the price
of said article of Tarvia, and the sole and exclusive right
and power to determine to whom it shall grant the right
to use said Tarvia, and the sole and exclusive right and
power to sell or not to sell said product of Tarvia, and
to determine to whom it will or will not sell said article,
and that during all of said time the defendant had vigor-
ously enforced its right as aforesaid, and has not
granted or consented to any other person or persons,
or corporation, the right to manufacture, compose, sell,
or use said Tarvia name or composition, or to fix or
name a price for said Tarvia; that on or about the 9th
day of May, 1913, a petition was filed in the Auditor's
office of Delaware county, Indiana, by John Frank and
others, praying for a highway improvement in Dela-
ware Township, County and State aforesaid, and that

later, to wit: April 7, 1914, plaintiff, being the successful bidder for said work, was granted the contract therefor for $5100.00; that before the Board of County Commissioners of said county let said contract, they adopted specifications therefor, at the instance of the defendant, requiring the Tarvia binder to be used exclusively on said work, and no other or different kind of binder could be used on said work, and plaintiff was thereby compelled to go to defendant and contract with it for the use of its Tarvia binder, at and for the price of ten (10) cents per gallon, which was four (4) cents more than an equally as good a road binder could have been purchased for at said time by plaintiff, for said purpose, and that would have been equally as good and serviceable as said Tarvia; that he was compelled to use on said Frank road, 13000 gallons Tarvia X, at 10 cents per gallon, and 3,000 gallons Tarvia B, at 10 cents per gallon."

There were also similar allegations concerning the "Thomas A. Stone" road, and the complaint then further alleged: "that at said time there were other and different and better road binders being made and sold at 6 cents per gallon, that were more suitable for said road, and that plaintiff could have purchased and used on said road, and that would have been equally as good and serviceable on said road as defendant's Tarvia binder, but on account of defendant and said Board agreeing on the specifications aforesaid, wherein the sole use of Tarvia as a binder on said roads was provided for, the plaintiff had no choice but to buy of defendant and use its Tarvia; * * * that said specifications were purposely so drawn, to shut out all competition on that part of the construction of said roads requiring a binder which was unlawful and void, and increased the price of said roads to the taxpayers of Delaware Township, * * * and caused plaintiff to

pay 4 cents more for the binder used on said roads than as equally as good and serviceable a binder could have been purchased and used thereon by plaintiff; that it cost him to use, spread and put on Defendant's Tarvia binder 4 cents more per gallon than he could have put on other equally as good binder; that he was assured by the defendant before he made said bid, that it would furnish him said binder as cheaply as others similar were usually sold for in the open market, and told plaintiff it would furnish same at 6 cents per gallon, and so believing, plaintiff made his bids on that basis, but after the said Frank and Stone jobs were awarded to plaintiff, the defendant's agents, when approached about furnishing said Tarvia to plaintiff, then sprung the price to 10 cents per gallon * * *; that the purpose of defendant and the Board aforesaid in making, agreeing upon and adopting the specifications aforesaid, was to create a monopoly of the binder market in said county in defendant, and it did result in such monopoly in defendant; that the Board of County Commissioners of Delaware County, the County Surveyor and Engineer appointed by said Board as a viewer, and in charge of said roads, and the viewers on said roads agreed with the defendant to adopt, make and use specifications for the repair and construction of both the Frank and Stone roads that would and did provide for the sole and exclusive use of defendant's Tarvia binder, and did unlawfully and without right adopt, make and use such specifications as a part of the contract with plaintiff for the construction of said roads; that the specifications aforesaid tended to lessen and did lessen the importation of other bidders, and did wholly prevent full and free competition between the owners and manufacturers of binders for the market created by the construction of said roads in said county, and did prevent sale and disposal of other good road

binders for said roads, and did advance the price to the taxpayers of said Delaware Township, * * *" There were also other formal allegations.

To this complaint a demurrer was interposed by the defendant and sustained. The plaintiff refusing to plead further, final judgment was rendered against him, from which this appeal is prosecuted, and said action of the court in sustaining said demurrer is assigned as error.

The complaint in this case is, as we are informed by the appellant, based upon §§3866, 3868, and 3872 Burns 1914, Acts 1907 p. 490. The three sections first above mentioned are a part of the criminal law of this state. They declare that certain things therein specified shall be misdemeanors, and fix the punishment therefor. Section 3872 gives a right of action to "any person or corporation" who shall be injured in his business or property, by reason of the doing by any person or persons of anything forbidden in the three sections first above mentioned. The specific question which we have to decide is: Does §3872 *supra*, give a right of action to a person who occupies the position of the plaintiff in this case, as shown by the allegations of his complaint, with reference to the alleged unlawful conduct of parties to the transaction?

The averments of the complaint show a total disregard by the board of commissioners, of the provisions of the statute, and had this been a suit by some of the taxpayers asking that said action be set aside and that the parties be enjoined from proceeding with the said work, under said contract, a different question would have been presented. The averments of the complaint show that the proceedings in question were absolutely void. But, the question as it comes to us on this appeal is whether this plaintiff, who, as a bidder for said pro-

posed work, was chargeable with full knowledge of the wrongdoing of both the board of commissioners and of the appellee herein, and with such knowledge on his part, makes his bid for the doing of said proposed work, thereby lending his aid actively to the said wrongdoers, and thereby assisting said parties in perpetrating a fraud upon the taxpayers of Delaware township, in said county, can now obtain damages from the appellee herein on account of the unlawful acts done by it to his alleged prejudice.

Statutes like the sections in question in this suit were enacted to promote honesty and fair dealing, full and fair competition, and to protect those who must buy, from being imposed upon by being compelled to purchase from monopolies at exorbitant prices. They are a part of the declared public policy of the state. They should, if possible, be given a construction which will fully promote, or at least tend to promote the end and purpose for which they were enacted.

The appellant insists, that although he was a party to the wrong done the said taxpayers, yet, as he was injured in his property by the act of his associate wrongdoer, appellee, he is entitled to maintain this action. If the act in question were given the construction contended for by appellant, it would, as we view it, tend to thwart the very purpose of the law. As we view it, the construction which the appellant would have us place upon this law would be the equivalent of saying to all persons, intending bidders for any public work, and who know of the illegal combination to rob the taxpayer by illegally increasing the cost of the proposed work: "go in with the others and make your bid and assist in the consumation of the unlawful scheme; you shall not be injured; if the other parties do not play fair with you, you shall have your action

against them for treble damages." We cannot thus interpret this law. The appellant at all times knew that the entire matter was illegal, void; his alleged contract with the board of commissioners, under the facts alleged, was void; he was under no legal obligation to build either of said roads, but could have repudiated the entire matter, had he chosen so to do; under the facts, as alleged, he was not compelled to purchase any material or materials for said roads; his purchases were, under the facts alleged, not only purely voluntary, but in furtherance of the unlawful conspiracy against the taxpayers of said township.

It also appears from the allegations of the complaint that the matter about which appellant is really complaining, is not the alleged unlawful agreement between said board and appellee, but the fact that appellee boosted its price on him. It is a fair inference from all the averments of the complaint, that if said price had not been "sprung," appellant would not have suffered the damage complained of, and hence this suit never would have been brought.

Appellant has cited no case where a person situated as he has placed himself in this case, has been permitted to maintain an action such as appellant now seeks to maintain in this case. A search of the authorities by us fails to reveal any authority which supports appellant's contention. On the other hand, it is a maxim of the law, *in pari delicto, potior est conditio defendentis. Swain* v. *Bussel* (1858), 10 Ind. 438; *Dumont* v. *Dufore* (1866), 27 Ind. 263.

We therefore conclude that the trial court did not err in sustaining said demurrer. Judgment affirmed.