DAN PURVIS DRUGS, INC., Appellant
(Plaintiff Below),

v.

AETNA LIFE INSURANCE CO.,
Appellee (Defendant Below).

No. 3–879 A 239.

Court of Appeals of Indiana,
Third District.

Nov. 12, 1980.

Rehearing Denied Jan. 22, 1981.

John J. Wernet, Grotrian & Boxberger, Fort Wayne, for appellant.

John M. Clifton, Jr., Robert S. Walters, James P. Fenton, Barrett, Barrett & McNagny, Fort Wayne, for appellee.

HOFFMAN, Judge.

Appellant Dan Purvis Drugs, Inc. appeals from the granting of appellee Aetna Life Insurance Company's motion to dismiss. Purvis argues that its complaint was sufficient to state a claim upon which relief can be granted and that the court had subject matter jurisdiction over the dispute.

The standard of review for this Court is well settled. In order to sustain a motion to dismiss for failure to state a claim it must be concluded that on no stated facts provable under the complaint could the plaintiff recover a judgment. *Morris v. City of Evansville*, (1979) Ind.App., 390 N.E.2d 184. In reviewing the complaint the court must take the allegations stated therein as true. *Id.*

The complaint states that in 1969, Purvis entered into what is known as a third party provider agreement with Aetna Life Insurance Company. Identical agreements were entered into between Aetna and various other pharmacies in the Fort Wayne area. Pursuant to the agreement, Purvis was to provide prescription drugs to the employees of International Harvester and charge them only a minimal dispensing fee. Aetna would in turn reimburse Purvis for the acquisition costs of the drugs.

When Aetna notified Purvis that the agreement was being terminated, Purvis filed a four-count complaint against Aetna. Count I states the nature of the agreement and alleges actions on the part of Aetna which violate the agreement. The remaining counts allege violations of the Indiana Antitrust Statutes, IC 1971, 24–1–1–1 *et seq.* (Burns Code Ed.). After each count Purvis asks the court to permanently restrain Aetna from terminating the agreement and for treble damages (pursuant to IC 1971, 24–1–2–7) in the amount of $300,-000.

Aetna filed a motion to dismiss and a memorandum in support thereof arguing that Purvis failed to state a claim under Count I. Aetna made the same challenge to the remaining counts asserting that Purvis was barred from recovery by the doctrine of *in pari delicto*. Counts II, III and

IV were also argued to be outside the court's subject matter jurisdiction and within the jurisdiction of the Commissioner of Insurance. Finally, Aetna challenged Purvis's standing to raise the antitrust claims. The trial court granted Aetna's motion to dismiss and this appeal followed.

Purvis, in its brief, argues only that the allegations in Count I are sufficient to state a claim that the third party provider agreement is adhesive and unconscionable. Any errors with respect to any other possible claims in Count I are therefore waived. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

Both parties cite *Weaver v. American Oil Co.* (1971), 257 Ind. 458, 276 N.E.2d 144, as a leading case in the area of unconscionability. A close reading of *Weaver* indicates that a contract may be declared unenforceable due to unconscionability when there is a great disparity in bargaining power which leads the party with the lesser power to sign a contract unwillingly or unaware of its terms. In addition, the contract must be " 'such as no sensible man not under delusion, duress or in distress would make, and such as no honest and fair man would accept.' " *Id.* 276 N.E.2d at 146.

Clearly the entire thrust of the unconscionability concept is based on the circumstances existing at the time the contract was entered into and not at some later date. In order to sufficiently state a claim that a contract is unconscionable, there must be some allegations which at least raise an inference that there was unequal bargaining power at the time the contract was executed which led the party with the lesser power to enter it unwillingly or without knowledge of its terms. Such allegations are missing from Purvis's complaint. The only allegation of unequal bargaining power refers to the circumstances at some time after the contract was executed. Additionally, there is nothing in the complaint from which the inference that Purvis entered into the contract unknowingly or unwillingly may be drawn.

While it is true that some terms of the contract are highly favorable to Aetna, this in no way establishes that the contract is unconscionable. As was observed in *Piskorowski v. Shell Oil Co.*, (1980) Ind.App., 403 N.E.2d 838: "Contracts subject to the common law, as here, are not unenforceable merely because, under the terms of the agreement, one party enjoys advantages over another." *Id.* at 847. Although Aetna does enjoy some advantages under the agreement, no clause has been identified by Purvis as being "such as no sensible man not under delusion, duress or in distress would make . . . ."

Counts II, II and IV of Purvis's complaint allege Aetna's violations of the Indiana Antitrust Statutes. Taking the allegations as true, Aetna argues that the claims are barred by the doctrine of *in pari delicto*. That doctrine operates to deny a plaintiff relief when he has cooperated with the defendant to violate a statute. In such cases the plaintiff is "of equal fault" with the defendant. *Theye et al. v. Bates et al.* (1975), 166 Ind.App. 652, 337 N.E.2d 837. This doctrine has been applied in Indiana to deny relief when a plaintiff cooperated with the defendant in furtherance of a monopoly and then initiated legal action. *Moore v. Barrett Co.* (1921), 75 Ind.App. 352, 130 N.E. 649.

Purvis contends that the United States Supreme Court struck down the defense of *in pari delicto*, as applied to private antitrust cases, in *Perma Life Mufflers, Inc. v. International Parts Corp.* (1968), 392 U.S. 134, 88 S.Ct. 1981, 20 L.Ed.2d 982. In *Perma Life* the court ruled that the *in pari delicto* doctrine was contrary to the public policy of encouraging private actions in order to foster competition, which is a basis for the federal antitrust laws.

Initially it must be noted that *Perma Life* involved federal and not state antitrust laws. That ruling therefore is not binding on this Court in its interpretation of the Indiana statutes. Purvis insists, however, that because the Indiana statutes are based on the federal statutes, great weight should be given to the federal decisions, such as *Perma Life* construing the

federal acts. Purvis thus invites the Court to overrule *Moore v. Barrett Co., supra.* Without a more detailed argument than this, however, Purvis's assertion is not sufficient to persuade the Court to overrule a case which has been the law of this state for nearly sixty years.[1]

 Purvis argues finally that even if the *in pari delicto* doctrine is held to be a valid defense, it has made sufficient allegations in the complaint to show that it was forced into the agreement by economic necessity and was therefore not of equal fault with Aetna. As stated above, however, Purvis makes no allegations, nor does it raise any inferences in regard to the circumstances existing when the contract was executed. Purvis's claim is therefore barred by the doctrine of *in pari delicto* and the trial court correctly dismissed the action.

For the above reasons the judgment of the trial court is affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.

---

1. It is not clear that the public policy of encouraging private suits outweighs the public policy of denying relief to a party who is equally at fault with the defendant. *See generally Theye et al. v. Bates et al.* (1975), 166 Ind.App. 652, 337 N.E.2d 837, in which the court held the *in pari delicto* doctrine applicable in private actions based on violations of the Indiana securities laws.