MOBLEY *v.* CITY OF EVANSVILLE

[No. 19,246. Filed May 27, 1960.]

576

*James D. Lopp, John D. Clouse* and *Wilbur F. Dassel,* all of Evansville, for appellant.

*Ellis B. Anderson, James W. Angermeier,* and *Phillip L. Kiely,* all of Evansville, for appellee.

MYERS, J.—This action was instituted by the appellant, Jack Mobley, against the appellee, City of Evansville, Indiana, in the nature of a mandatory injunction to be reinstated as a fireman in the Fire Department of the City of Evansville.

The issues were formed by appellant's complaint, which alleged that he was a fireman in good standing in the Fire Department of the City of Evansville until August 23, 1957, on which date he was discharged by the Board of Public Safety of the City of Evansville, hereinafter called the Board, for violating an order of the Board. He claimed that such dismissal was illegal, arbitrary, capricious and fraudulent, and asked the court to review the Board's decision and reverse it.

To this complaint appellee filed a motion to dismiss and a demurrer, both of which were overruled by the trial court. Subsequently trial was held by the court and evidence heard. The court made certain findings of facts and conclusions of law in favor of appellee. Judgment was entered accordingly, thus affirming the decision of the Board. Appellant filed his motion for a new trial, which was overruled, and this appeal followed.

The grounds for a new trial are that the decision is not sustained by sufficient evidence and is contrary to law; that the special findings of facts are not sustained by the evidence and are contrary to law; and that the court erred in its conclusions of law. Appellant's assignment of errors claims error in the overruling of his motion for a new trial.

Appellant has joined in one argument, without objection by appellee, all his grounds of error as set forth

in the motion for a new trial. This being a negative judgment, appellant cannot challenge the insufficiency of the evidence to sustain the findings. *City of Angola* v. *Hulbert et al.* (1959), 130 Ind. App. 97, 162 N. E. 2d 324. The substance of his argument is that the court's decision is contrary to law.

Briefly summarized, the court's findings of facts are as follows: On or about July 26, 1957, the Board passed a resolution and made an order prohibiting all members of the Evansville Fire Department from tending bar in taverns or selling alcoholic beverages of any kind. On July 30, 1957, the Chief of the Evansville Fire Department had posted in all fire houses a notice of the order of the Board, which notice reads as follows:

"EVANSVILLE FIRE DEPARTMENT

JULY 30TH, 1957

*"BULLETIN NO. 10*

"Subject:
    "Effective August 1st, 1957 all members of the ,Evansville Fire Department are prohibited from tending bar in taverns or selling Alcoholic Beverages of any kind.

*"Orders of Board of Public Safety*

"/s/ CLARENCE J. BASSEMIER
"Clarence J. Bassemier
"Chief of Fire Department"

At this time appellant, Jack Mobley, was a fireman and member of the Evansville Fire Department and had been such for approximately seven years prior thereto. On August 3, 1957, the Chief had a conversation with appellant wherein appellant told the Chief that he was tending bar and did not intend to quit. He had been tending bar and selling intoxicating liquor at

the time the order was made and posted until August 23, 1957. He knew of the existence of the order, but knowingly and willfully refused to comply with it.

On August 9, 1957, the Board adopted a resolution charging appellant with disobedience and ordered a hearing to be held on August 23, 1957. Notice was given to appellant in person and he thereupon made a demand upon the Board for a hearing. There was a hearing before the Board, where witnesses were sworn and testified in the presence of appellant. As a result, the Board found appellant guilty of disobedience of orders, and further found that he should be discharged.

The court found that the dismissal of appellant by the Board was because of disobedience of the order issued, and that such dismissal was not illegal, fraudulent, arbitrary or capricious. It thereupon entered its conclusions of law in favor of appellee and against appellant, affirming the action of the Board.

The only question presented before this court is whether the order dated July 26, 1957, was a reasonable one. In actions of this kind the trial court is without authority to modify or change the order of the Board unless the Board's action was tainted with fraud, capriciousness or illegality. *City of Anderson* v. *Hadley* (1951), 122 Ind. App. 8, 102 N. E. 2d 385; *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 5 N. E. 2d 501. If the Board's order was a reasonable one, we must uphold the judgment of the trial court.

The Indiana General Assembly has empowered Boards of Safety "to make and promulgate rules and regulations for the appointment of members on such forces, and *for their government. . . .*" (Our emphasis.) Burns' 1950 Repl., §48-6102.

It has been held that where administrative bodies have been created by the Legislature, the rules they make must be reasonable and reasonably adapted to carry out the purpose or object for which these administrative boards were created. *Financial Aid Corporation* v. *Wallace* (1939), 216 Ind. 114, 23 N. E. 2d 472; *Ind. Emp. Sec. Div.* v. *Ponder* (1951), 121 Ind. App. 51, 92 N. E. 2d 224; *Hill* v. *Review Board, etc., et al.* (1953), 124 Ind. App. 83, 112 N. E. 2d 218. If they are in conflict with the state's organic law, or antagonistic to the general law of the state, or "opposed to the fundamental principles of justice, or inconsistent with the powers conferred upon such boards," they are invalid. *Blue* v. *Beach* (1900), 155 Ind. 121, 131, 56 N. E. 89, 93.

The Indiana Tenure Act provides that a municipal fireman may be removed for any cause other than politics, but a municipality cannot remove a fireman at pleasure, but only in accordance with statutory provision. Burns' 1950 Repl., §48-6105; *City of Ft. Wayne* v. *Hazelett* (1939), 107 Ind. App. 184, 23 N. E. 2d 610. One of the statutory causes for removal is "neglect or disobedience of orders." Burns' 1950 Repl., §48-6105, *supra*.

Our Supreme Court has held that if the cause for dismissal bears no reasonable relation to a policeman's or fireman's fitness or capacity to hold his position, the court must declare void a dismissal. *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596; *Roth* v. *State ex rel.* (1902), 158 Ind. 242, 254, 63 N. E. 460, 464. In the *Roth* case the court said as follows:

"The statute declares in general terms that the removal must be for cause, and this, as the authori-

ties affirm, necessarily and reasonably implies that the cause intended is to be some dereliction or general neglect of duty, or some delinquency affecting the general character of the officer, or his fitness for holding the office, or his incapacity to discharge the duties thereof."

In *City of Ft. Wayne* v. *Bishop* (1950), 228 Ind. 304, 314, 92 N. E. 2d 544, 548, the Supreme Court said:

". . . no cause is a legal cause unless it bears a legal relation to the policeman's fitness for holding the position, or his incapacity to discharge its duties."

The same rule applies to firemen. *City of Elkhart* v. *Minser, supra.*

The evidence from the record reveals the following: Mobley, the appellant herein, at the time of this action was a married man with a 17-year-old son. His vocation had been that of a bartender, and he testified that he had tended bar for twenty years and belonged to the Bartenders' Union. He joined the Evansville Fire Department in 1950 and continued to serve as a bartender in his off hours in order to make additional income. This was known to his superiors. His wife purchased a neighborhood tavern and he tended bar in that tavern when off duty. It appears that from May 20, 1957, to on or about July 26, 1957, he had been off duty and tending bar in his wife's tavern. During this time he had other men working for him. If a fireman wished to take time off for a period longer than his regular off-duty days, it was customary, and not against regulations, to do so if he could find other men willing to take his place and work for him.

The Chief of the Department and two Captains who were his superior officers testified that he was in good physical and mental condition; that they had no com-

plaints about him or his work; that he had been suspended once for five days at the time he joined the Department in 1950; that there was no other record against him; that he performed all duties required of him, and that his behavior was good. A Captain testified that he knew appellant was tending bar in his off hours and that it did not interfere with his duties; that he was a good fireman to work with. Another Captain stated that he had served as acting Captain at different times; that he never refused to obey an order except the one herein involved, and that he was always available for call in the event of an emergency. Other testimony by members of the Department was to the effect that it was necessary for firemen to seek outside employment in order to support their families, and that approximately 80 per cent of the men had outside work during their off days. It appeared that there were some five or six firemen who worked in grocery stores where intoxicating liquors were sold, or in wholesale liquor stores where they handled intoxicating beverages. None of these firemen were charged with or removed for violation of the order.

The Board members testified that the reason the order was made was because tending bar was a hazardous occupation, in that if there were any broken bottles and a fireman tending bar should reach for one and cut his hand, he would be incapacitated. They also stated that it meant working long hours, so that a fireman probably would not be in good shape when he came to the fire house in the morning. One of the members was questioned as follows:

"Q. You made an arbitrary ruling that he [appellant] cannot tend bar?
"A. Yes."

After reviewing the evidence and all inferences deducible therefrom, we come to the conclusion that the order issued by the Board, purporting to prohibit all members of the Department from tending bar in taverns, or selling alcoholic beverages of any kind, is void as being arbitrary and capricious. The facts simply do not support the decision of the Board or the findings and judgment of the court, for the reason that they do not show that the Board's order bore any reasonable relationship to the fitness or capacity of the appellant to hold his position as a fireman.

It was clearly shown that appellant was physically fit and mentally alert, that his superior officers in the Department regarded him as a good fireman, who had been obedient to orders and responsive to calls, and that there were no complaints against him. Nowhere in the record does it appear that because he tended bar in his off-duty hours it affected him in any way in his duties as a fireman. He was one among many who worked during off hours in order to supplement his income. It was not shown that his tending bar made him unfit for his duties when he came to work in the morning, that he was unable to render services because of it, or that he had ever cut his hand in reaching for a broken bottle or otherwise injured or incapacitated himself thereby.

We do not see that tending bar is any more hazardous an occupation than house painting, carpentry work, bookbinding, or similar jobs. One can speculate on hazards in any type of job, even babysitting. The evidence in this case reveals only surmise as to what could or might happen to one serving as a bartender. There was absolutely no proof that such did happen so as to affect appellant's fitness or capacity as a fireman.

The Board issued an invalid order which was arbi-

trary and capricious. The fact that appellant refused to obey it is not cause to dismiss him. *The State ex rel. Manning* v. *Mayne* (1879), 68 Ind. 285.

The appellant is entitled to be reinstated to his former status and rank as a fireman. Appellant was merely an employee of the city, and not an officer of such city, so his remedy is for damages for breach of his contract of employment. *City of East Chicago* v. *State ex rel. Pitzer* (1949), 227 Ind. 241, 253, 84 N. E. 2d 588, 594. Such damages shall be the amount that the salary due him from the City exceeded his earnings and income in other occupations or employment during the time of his wrongful discharge. *City of Peru* v. *State ex rel. McGuire* (1937), 210 Ind. 668, 199 N. E. 151; *City of Evansville* v. *Maddox* (1940), 217 Ind. 39, 25 N. E. 2d 321; *State ex rel. Shanks* v. *Com. Council, City of Wash.* (1937), 212 Ind. 38, 7 N. E. 2d 968; *City of Indianapolis* v. *State ex rel. Kennedy* (1947), 224 Ind. 600, 70 N. E. 2d 635.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

Ax, P. J., and Cooper and Ryan, JJ., concur.

NOTE.—Reported in 167 N. E. 2d 473.