THE CITY OF MISHAWAKA, INDIANA, A MUNICIPAL CORPORATION, MARGARET H. PRICKETT, AS MAYOR OF THE CITY OF MISHAWAKA, INDIANA, LYNN D. KLAER, CHARLES R. PERRI, PHILIP MILLER, DONALD CRAWFORD, JOSEPH A. RICHARD, JOSEPH ZAPPIA, MRS. JEAN BODINE, JOHN T. GLEISSNER, ROBERT L. KOVACH, AS MEMBERS OF THE COMMON COUNCIL OF THE CITY OF MISHAWAKA, INDIANA, THOMAS K. BODLE, SR., AS CLERK OF THE CITY OF MISHAWAKA, INDIANA *v.* HARRY V. MOHNEY, THEODORE L. SENDAK, AS ATTORNEY GENERAL OF INDIANA.

[No. 3-173A7. Filed July 5, 1973. Rehearing denied September 6, 1973. Transfer denied December 10, 1973.]

R. *Wyatt Mick, Jr., William T. Means,* of Mishawaka, for appellants.

*Robert Eugene Smith,* of Baltimore, Maryland, *Gilbert H. Deitch,* of Atlanta, Georgia, *Leonard V. Campanale,* of Mishawaka, for appellees.

HOFFMAN, C.J.—This is an appeal by plaintiffs-appellants City of Mishawaka and its mayor, city clerk and the common council acting in their official capacities (Mishawaka) from the dismissal of two separate actions for declaratory judgment which were brought against defendants-appellees Harry V. Mohney and Theodore L. Sendak. Mishawaka's subsequent motion to correct errors was overruled and this appeal ensued.

The two causes, each naming Harry V. Mohney and the Attorney General of Indiana as defendants, were later consolidated for the purpose of appeal.

Mishawaka sought a declaratory judgment in each case as to the validity of ordinances relating to the production, sale, distribution and exhibition of pornographic materials. The Attorney General was joined in both cases as defendant,

together with Mohney, the alleged owner and operator of a bookstore and theater in Mishawaka.

Mishawaka contended that the ordinances (Nos. 1690 and 1691) were valid while Mohney contended, *inter alia,* that they were invalid.

The trial court sustained the Attorney General's motion to dismiss which was predicated on the grounds that: 1) the complaint does not state a claim against the Attorney General; and 2) declaratory judgment proceedings are not appropriate for the determination of the validity of a criminal ordinance. The parties are in agreement that the only purpose in joining the Attorney General was to give him notice of the proceeding.

The opinion of the trial court expressed the view that declaratory relief as to criminal matters is generally inappropriate. However, the court went on to state that such relief may be granted where the basis of the action is the protection of a property right and the operation of a criminal statute is but incidental thereto. Further, the court stated that protection of a property right was not alleged in Mishawaka's complaint and that the plaintiffs have no authority to institute a proceeding under the ordinance; and that there was no allegation that Mohney is attempting, or will attempt, to violate the ordinances. In conclusion, the trial court discarded Mishawaka's contention that were not the validity of the ordinances ruled upon, liability for false arrest might exist for their enforcement.

The principal issue presented on appeal is whether a city, its mayor, its common council and city clerk can maintain an action for declaratory judgment to determine the validity of a city ordinance pursuant to the Uniform Declaratory Judgment Act, IC 1971, 34-4-10-1—34-4-10-16 (Burns Code Ed.).

Mishawaka contends that the complaints were sufficient to warrant the issuance of a declaratory judgment concerning the validity of the ordinances; and, that the trial court erred

in issuing its opinion which appellants assert is contrary to TR. 57, Ind. Rules of Procedure, which provides that, "Declaratory relief shall be allowed even though a property right is not involved."

Mishawaka asserts that it has met the requirements of IC 1971, 34-4-10-2 (Burns Code Ed.), which reads as follows:

> "Who may have determination and obtain declaration.— Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question or construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

However, in order to obtain such relief, Mishawaka must demonstrate that it has standing within the purview of the above statutory provisions. *City of Hammond* v. *Board of Zoning Appeals* (1972), 152 Ind. App. 480, 284 N.E.2d 119; *Montagano* v. *City of Elkhart* (1971), 149 Ind. App. 283, 271 N.E.2d 475.

*Zoercher* v. *Agler* (1930), 202 Ind. 214, at 221, 172 N.E. 186, at 189, 70 A. L. R. 1232, has stated criteria for standing under the Uniform Declaratory Judgment Act, *supra:*

> "[T]he person bringing the action must have a substantial present interest in the relief sought, such as there must exist not merely a theoretical question or controversy but a real or actual controversy, or at least the ripening seeds of such a controversy, and that a question has arisen affecting such right which ought to be decided in order to safeguard such right." (Footnote omitted.)

The plaintiffs seeking such relief must show that their "rights, status or other legal relations" will be directly affected by the enforcement of the ordinances in question. *Portland Web Pressmen's Union* v. *Oregonian Pub. Co.* (D.C. Or. 1960), 188 F. Supp. 859 (Aff'd 286 F.2d 4, Cert. denied 366 U.S. 912, 81 S. Ct. 1086, 6

L. Ed. 2d 237; *State ex rel. Chilcutt* v. *Thatch* (1949), 359 Mo. 122, 221 S. W. 2d 172.

In Anderson on Declaratory Judgments, Vol. 1, 2d Ed., p. 66, it is stated:

"In order to invoke the jurisdiction of the court under the declaratory judgment statute, there must be an actual, existing justiciable controversy between the parties, having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, or potential dispute; the act may not be used for the purpose of obtaining purely advisory opinions from the court." (Footnote omitted.)

Under the present circumstances, the alleged controversy is more theoretical than actual. No instance involving implementation of the ordinances has been brought to our attention. It is uncertain that Mohney is actually the owner of the bookstore and theater at present and the situation which Mishawaka fears might arise from enforcement is purely hypothetical. *Gortmaker* v. *Seaton* (1969), 252 Or. 440, 450 P. 2d 547; *Cummings Constr.* v. *School Dist. No. 9, Coos County* (1965), 242 Or. 106, 408 P. 2d 80; *Oregon Creamery Mfrs. Ass'n.* v. *White* (1938), 159 Or. 99, 78 P. 2d 572. See also: *City of Fairfax* v. *Shanklin* (1964), 205 Va. 227, 135 S. E. 2d 773; *State ex rel. LaFollette* v. *Dammann* (1936), 220 Wis. 17, 264 N. W. 627, 103 A. L. R. 1089; Borchard on Declaratory Judgments (2d Ed.) p. 56; 26 C. J. S., Declaratory Judgments, § 30, at 107, *et seq.*

That parties are in disagreement over the validity of city ordinances does not alone constitute a controversy of a nature susceptible to declaratory relief. Moreover, at the present level of disagreement, Mohney can be viewed as little more than an unwilling catalyst for Mishawaka's action. Thus, the determination of constitutionality which Mishawaka seeks to elicit from the courts does not fall within the sequence of a ripening actual controversy.

For a municipality to seek a declaratory judgment concern-

ing the constitutional validity of its own freely enacted laws is virtually unprecedented. Our research has disclosed no Indiana cases wherein a municipality and its elected officials have brought such an action. The reason for this absence of applicable case law cannot be lack of doubt on the part of governmental officials as to the validity of their local laws. Rather, the apparent unorthodoxy and unreasonableness of a similar course may have dissuaded many who would most ardently supplicate a court's determination. Moreover, for a municipality to enact ordinances and forthwith implore a court to rule upon their validity appears, at best, incongruous. To construe the Uniform Declaratory Judgment Act as according such a right of action to a governmental body would foster legislative irresponsibility and constrain the courts to review every questionable ordinance enacted in this State.

Further, under Art. 3, § 1, of the Constitution of the State of Indiana, the judicial branch of government is prohibited from assuming any of the functions of the other departments. *State* v. *Shumaker* (1928), 200 Ind. 716, 164 N. E. 408, 63 A. L. R. 218; 16 Am. Jur. 2d, *Constitutional Law*, § 213, at 454 (1964).

Conscience and a respect for the intendment of this provision dictates restraint. Were we to assume the role of advisor passing upon the validity of local laws at the instance of municipal officials, our actions would exceed constitutional limitations regarding separation of powers.

An examination of the aforestated provision of the Uniform Declaratory Judgment Act discloses no apparent intent to favor a political subdivision with such a right of action. Rather, such right is extended to "[a]ny person * * * whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise * * *." Moreover, it is not apparent in what manner the "rights, status, or other legal relations" of Mishawaka or of its elected officials have been adversely

affected by its own deliberate enactment. *Township of White-hall* v. *Oswald* (1960), 400 Pa. 65, 161 A. 2d 348; *Ervin* v. *City of North Miami Beach* (Fla., 1953), 66 So. 2d 235. See also: Annot., 10 A. L. R. 3d 727 (1966).

Lack of standing poses a bar to Mishawaka's action for declaratory judgment. Moreover, in the absence of a justiciable controversy, the existence or lack of a property right is of no consequence. No justiciable controversy having been shown, the judgment of the trial court is affirmed.

Affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 297 N.E.2d 858.