THEODORE L. SENDAK, ATTORNEY GENERAL OF INDIANA, OTIS R. BOWEN, GOVERNOR OF INDIANA, WILLIAM J. BRUNE, VANDERBURGH PROSECUTING ATTORNEY AND VANDERBURGH COUNTY ELECTION BOARD *v.* JAMES E. ALLEN, RICHARD O'RISKY.

[No. 1-874A119. Filed June 30, 1975. Rehearing denied August 4, 1975. Transfer denied January 28, 1976.]

*Theodore L. Sendak,* Attorney General, *Stephen M. Sher-*

*man, Robert S. Spear,* Deputy Attorneys General, for appellant.

*Ole Olsen, Jr., Olsen and Niederhaus,* of Evansville, *Howard P. Trockman, Trockman, Flynn, Swain & Tyler,* of Evansville, for appellees.

ROBERTSON, C.J.—The Attorney General brings this appeal from a declaratory judgment entered in favor of plaintiffs-appellees, Allen and O'Risky, holding a state statute inapplicable to county policemen.

The issues upon appeal are whether the parties were entitled to declaratory relief as a matter of law and whether the trial court was correct in ruling that county policemen were not covered by IC 1971, 18-1-11-9 (Burns Code Ed.).

We affirm.

The facts relevant to this appeal are undisputed. Allen and O'Risky were police officers serving in the Vanderburgh County Sheriff's Department, and both were declared candidates for the office of county sheriff in December of 1973, when this suit commenced.

On November 1, 1973, the Attorney General had issued Official Opinion No. 27 which interpreted IC 1971, 18-1-11-9 (Burns Code Ed.) to mean that a member of a local police force could not run for public office while on active duty and that in order to be a political candidate for public office, a policeman would have to resign from active service.

Desiring to retain their employment as county police officers while actively seeking election as county sheriff without becoming liable to prosecution, Allen and O'Risky filed suit for a declaratory judgment to determine whether county police officers were subject to the prohibition of IC 1971, 18-1-11-9 (Burns Code Ed.).

Both parties filed motions for summary judgment and the trial court held a hearing on the cross-motions on March 1, 1974. The court entered summary judgment for Allen and

O'Risky holding that county policemen were not covered by the statute.

The Attorney General then brought this appeal.

The first issue upon appeal is whether the plaintiffs could properly maintain a suit for declaratory judgment.

The Attorney General contends that the plaintiffs lacked standing to obtain declaratory relief and that such relief is improper to determine the construction of a criminal statute.

The Uniform Declaratory Judgment Act is found at IC 1971, 34-4-10-1 through IC 1971, 34-4-10-16 (Burns Code Ed.). IC 34-4-10-2 provides as follows:

> "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question or construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

However, in order to obtain declaratory relief a party must demonstrate that it has standing within the above statutory provision. *City of Mishawaka* v. *Mohney* (1973), 156 Ind. App. 668, 297 N.E.2d 858; *City of Hammond* v. *Board of Zoning Appeals* (1972), 152 Ind. App. 480, 284 N.E.2d 119.

In *Zoercher* v. *Agler* (1930), 202 Ind. 214, 221, 172 N.E. 186, 189, the requirements for standing under the Uniform Declaratory Judgment Act, *supra,* were stated as follows:

> "[T]he person bringing the action must have a substantial present interest in the relief sought, such as there must exist not merely a theoretical question or controversy but a real or actual controversy, or at least the ripening seeds of such a controversy, and that a question has arisen affecting such right which ought to be decided in order to safeguard such right."

The plaintiffs must show that their "rights, status, or other legal relations" will be directly affected by enforcement of the statutes in question. *City of Mishawaka* v. *Mohney, supra.*

In the present case there existed more than a mere theoretical question or controversy since Allen and O'Risky had a substantial interest in the relief sought which would be directly affected by enforcement of the statutes in question. Both were declared candidates for the office of county sheriff and they were entitled to a determination of their liability under the statute. While the circumstances had not reached the point where prosecution was imminent, they presented at least the ripening seeds of an actual or real controversy.

Moreover, we take note of IC 1971, 34-4-10-6 (Burns Code Ed.) which provides:

> "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding"

In the present case, the uncertainty and controversy over the application of the statute was terminated by the declaratory judgment of the trial court ruling that the statute did not apply to county police officers.

The Attorney General contends that Allen and O'Risky did not establish that they had a "legally protectible property interest" in running for sheriff and that without such interest, they had no right to declaratory relief.

The contention is without merit for two reasons. First, the Uniform Declaratory Judgment Act does not speak in terms of property rights but "rights, status or other legal relations." Second, Ind. Rules of Procedure, Trial Rule 57 expressly states, "Declaratory relief shall be allowed even though a property right is not involved."

The Attorney General further contends that the suit is in reality against the State of Indiana and that the State is not a proper party to such an action since the State is not a "person" within the Uniform Declaratory Judgment Act. IC 1971, 34-4-10-13 (Burns Code Ed.).

However, while such a suit may not be brought directly against the State, declaratory judgments may be sought

against state officers as individuals. *State* v. *LaRue's Inc.* (1958), 239 Ind. 56, 154 N.E.2d 708; *Wright* v. *Kinnaird* (1969), 144 Ind. App. 286, 245 N.E.2d 835.

In the instant case, suit was properly brought against state officials.

The Attorney General further contends that a declaratory judgment cannot be granted with respect to a criminal statute, however, the case law is to the contrary. In *Doyle* v. *Clark* (1942), 220 Ind. 271, 41 N.E.2d 949, the Supreme Court held that a declaratory proceeding was a proper means to test the validity of a criminal statute which affects one in his trade, business or occupation.

The case relied upon by the Attorney General in support of the proposition that declaratory relief is improper as to a criminal statute, *Bryarly* v. *State* (1953), 232 Ind. 47, 111 N.E.2d 277, held only that a defendant already under prosecution for crime that was *mala in se* could not file a declaratory judgment to test the constitutionality of the criminal statute. The court expressly affirmed the *Doyle* holding that a declaratory judgment could be maintained in the proper case to test the validity of a criminal statute.

Allen and O'Risky were entitled to maintain a suit for declaratory relief upon the facts of the present case.

The second issue upon appeal is whether the trial court was correct in ruling that IC 1971, 18-1-11-9 (Burns Code Ed.) does not apply to officers of a county police force.

That statutory section reads as follows:

"It shall be unlawful for such commissioners of public safety, *or any person holding any position on such fire or police forces,* to solicit any person to vote at any election for any candidate, or to challenge any voter, or in any manner attempt to influence any elector at such election, or to be a delegate or candidate for delegate to any political convention, or to solicit for any candidate for, or delegate to, such convention, or to be a member of any political committee. Any person violating any of the provisions of this section shall be fined not exceeding five hundred dollars [$500], to which may be added imprisonment in the county jail not exceeding six [6] months." (Emphasis added.)

While this section itself does not expressly state which fire and police forces it refers to, stating only, "such fire and police forces," the wording directs one to preceding sections of the particular statute for explanation. Throughout the statute, the various provisions expressly refer to city police forces. For example, IC 1971, 18-1-11-4 (Burns Code Ed.), establishes the powers of policemen referring to the "officers and members of the police force of every *city*. Moreover, the statutory provision in question was originally enacted as part of the 1905 Cities and Towns Act which is now found in Title 18 of the Indiana Code.

There is little doubt that the disputed statute in this case applies only to city police forces, especially in light of the fact that county police forces are governed by a separate title of the code. IC 1971, 17-3-14-1 *et seq.* (Burns Code Ed.).

The trial court was correct in ruling that county police officers are not covered by IC 1971, 18-1-11-9 (Burns Code Ed.).

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 330 N.E.2d 333.