CITY OF EVANSVILLE *v.* DELPHINE GRISSOM *v.* KENNETH R. MACKEN ET AL. INTERVENING DEFENDANTS-APPELLEES *v.* STATE OF INDIANA, INTERVENING DEFENDANT-APPELLEE.

[No. 1-975A151. Filed June 22, 1976.]

*Cox, Staser, Dodd, Mitchell, Terry, Appel & Krohn,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrell K. Diamond,* Assistant Attorney General; *Roy A. Tyler,* of Evansville, Attorney for intervening defendants-appellees.

ROBERTSON , C.J.—This is an appeal by the plaintiff-appellant City of Evansville from the dismissal of an action

for declaratory judgment brought against defendant-appellee Grissom.

The issue upon appeal is whether dismissal was properly granted. We affirm.

This action was instituted by the City on September 25, 1974, by the filing of a complaint for declaratory judgment against Grissom alleging that the following statutes were unconstitutional:

"Members of the police and fire departments of cities of the first, second, third, fourth and fifth class shall reside within the county in which said city is located and said residence shall be within fifteen (15) miles of the corporate limits of such city." IC 1971, 19-1-2-1 (Burns Code Ed.).

"In order to be eligible for appointment to the police department an applicant is required to be a citizen of the United States and to be a resident of said county for a period of not less than one (1) year prior to making application for appointment to the police department." IC 1971, 19-1-31.5-10 (Burns Code Ed.).

The complaint alleged that Grissom had applied for the position of patrolman in the Evansville Police Department, but that the City could not consider her application because she was not a resident of Vanderburgh County as required by the above quoted statutes. The complaint further alleged that the statute forced the City to violate Grissom's constitutional rights and prevented the City from taking applications from qualified personnel outside of the county. The complaint asked the court to declare the statutes unconstitutional.

On October 8, 1974, Grissom filed her answer in which she admitted each and every allegation of the City's complaint and asked the court to declare the statutes unconstitutional. On October 17, 1974, several Evansville police officers filed a motion to intervene as parties defendant, and the motion was granted the same day. On November 13, 1974, the State appeared for the purpose of defending the constitutionality of the statutes pursuant to IC 1971, 34-4-10-11 (Burns Code Ed.). Both the State and the intervening officers filed motions

to dismiss the complaint in which they asserted that there was a lack of an actual case or controversy in that the suit was no more than a collusive action between two parties who were not in an adversary posture. A hearing on the motions to dismiss was held on December 20, 1974, and on January 2, 1975, the trial court sustained the motions and dismissed the suit with prejudice.

The City brings this appeal contending that the dismissal was improper because the pleadings presented a genuine controversy.

It is well established in Indiana law that an action for declaratory relief cannot be maintained in the absence of real controversy for the court does not function to render advisory opinions. *Brewington* v. *Lowe* (1848), 1 Ind. 21. To constitute a controversy of a nature susceptible to declaratory relief,

". . . there must exist not merely a theoretical question or controversy but a real or actual controversy or at least the ripening seeds of such a controversy. . . ." *Zoercher* v. *Agler* (1930), 202 Ind. 214, 221, 172 N.E. 186, 189; *See also: City of Mishawaka* v. *Mohney* (1973), 156 Ind. App. 668, 297 N.E.2d 858; *Sendak* v. *Allen* (1975), 164 Ind. App. 589, 330 N.E.2d 333.

The proceedings must be brought before the court in a truly adversary context.

"For a disposition of cases and controversies, the Court requires adverse parties before it." *City of Indianapolis* v. *Indiana State Board of Tax Commissioners* (1974), 261 Ind. 635, 308 N.E.2d 868, 870.

As stated in Anderson on Declaratory Judgment, Vol. 1, 2d Ed., p. 66:

"In order to invoke the jurisdiction of the Court under the declaratory judgment statute, there must be an actual, existing justiciable controversy *between the parties, having opposing interests, which interests must be direct and substantial, and involve an actual as distinguished from a possible, or potential dispute*; the act may not be used for the

purpose of obtaining purely advisory opinions from the court." (Emphasis added.)

From the pleadings in the present case, it is apparent that no real controversy exists between the plaintiff City and defendant Grissom. The City's complaint, for the most part, asserted that Grissom's rights had been violated by the City's actions while Grissom's answer admitted each and every allegation of the City's complaint. Moreover, each party asked for the same relief—that the two statutes be declared unconstitutional. Thus, the trial court was not presented with the true adversary situation upon which every judicial decision must rest. The trial court did not err in dismissing the complaint.

Judgment affirmed.

Lybrook, J., concurs; Hoffman, J., participating by designation, concurs.

NOTE.—Reported at 349 N.E.2d 207.