**FRATERNAL ORDER OF POLICE, LOCAL LODGE 73, Frank Wilkins, Richard Johnson, Bruce Belwood, Pete Dossett, Earnest Meriwether, Jim Wooley, Mike Stizman, Jim Magary, Steve Carlile, Stan Davis, Dan Carlile, Steve Cain and Mike Winters, Plaintiffs–Appellants,**

v.

**The CITY OF EVANSVILLE, Indiana, Defendant–Appellee.**

**No. 63A01–8812–CV–416.**

Court of Appeals of Indiana, First District.

Aug. 9, 1989.

Charles L. Berger, Evansville, for plaintiffs-appellants.

Allan G. Loosemore, Jr., Evansville, for defendant-appellee.

---

**1.** SOP 313.00 was a recodification of two previous regulations ratified by the Police Merit Commission.

## STATEMENT OF THE CASE

BAKER, Judge.

Plaintiff-appellants, the Fraternal Order of Police and certain individual members of the Evansville Police Department (FOP), appeal from a judgment rendered in favor of defendant-appellee. The City of Evansville (Evansville), on its suit seeking a declaratory judgment.

We reverse.

## STATEMENT OF THE FACTS

This case arises from a regulation restricting off-duty employment of Evansville police officers. It has long been a practice for Evansville police officers to work part-time jobs as security personnel at various business establishments in Evansville in order to earn additional income to support their families. At least 80% of the Evansville police force maintains part-time employment. Although there existed a regulation prohibiting such, from 1974 to April of 1988 Evansville police officers were allowed to work at locations where alcohol was served. On April 4, 1988, however, the police chief of the Evansville Police Department issued Standard Operating Procedure (SOP) 313.00 to become effective April 19, 1988.[1] The regulation prohibited police officers from engaging in off-duty employment where alcoholic beverages were sold or consumed. In pertinent part, SOP 313.00 provides as follows:

*General*

1. Officers of the Department will not engage, either directly or indirectly, in any off-duty employment:

A. Where alcoholic beverages are sold and consumed;

B. At any location which is connected with unlawful activities involving the gaming or other laws of the State of Indiana;

C. With, or for, anyone who is connected with unlawful activities involv-

ing the gaming or other laws of the State of Indiana.

2. Officers will submit a report of their off-duty employment plans. This off-duty employment will be denied by their commanding officer if the circumstances of the employment are contrary to the rules and regulations or if, in his opinion, the employment would hinder the performance of the officer's official duties.

\*   \*   \*   \*   \*   \*

*Failure to Follow Proper Procedure*

Failure to report off-duty employemnt or failure to follow the guidelines set out in this procedure, may result in:

1. The City not indemnifying the officer.

2. Disciplinary action.[2]

*Record* at 209–11.

On April 21, 1988, FOP and certain individual police officers filed a complaint seeking *inter alia* a judgment declaring SOP 313.00 invalid. On August 8, 1988, a hearing was held on such following which the trial court took the matter under advisement. On August 31, 1988, the trial court issued its findings of fact and conclusions of law in favor of Evansville and entered judgment thereon. FOP subsequently instituted this appeal.

## ISSUES

FOP raises three issues for our review:

I. Whether the trial court erred in refusing to declare SOP 313.00 invalid.

II. Whether the trial court erred in finding that SOP 313.00 was duly promulgated by the police chief of the Evansville Police Department.

III. Whether the trial court erred in admitting over objection Evansville's Exhibit C.

Initially, we note that due to our resolution of the case, we need not address Issues II and III. Further, we note that FOP has waived consideration of Issue III

---

in that it failed to properly raise such issue in its motion to correct error.

## DISCUSSION AND DECISION

FOP contends that the trial court erred in refusing to declare SOP 313.00 invalid. Before we reach the merits of this contention, however, we must first address Evansville's argument relating to the justiciability of FOP's claim. Specifically, Evansville asserts that FOP's claim is not ripe for consideration because there is no evidence indicating that any police officer has been disciplined for violating SOP 313.00 and that in any event the regulation does not affect any property rights of such police officers.

This action is subject to the limitations and requirements of the Uniform Declaratory Judgment Act found at IND.CODE 34–4–10–1 to 34–4–10–16. In that regard, IND.CODE 34–4–10–2 provides:

> Any person interested under a deed, will, written contract or other writings, constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, or contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtained a declaration of rights, status or other legal relations thereunder.

This court has held that in order to obtain relief under the Uniform Declaratory Judgment Act, the person bringing the action must have "a substantial private interest in the relief sought, not merely a theoretical question or controversy but a real or actual controversy, or at least the ripening seeds of such a controversy." *Morris v. City of Evansville* (1979), 180 Ind.App. 620, 390 N.E.2d 184; *Pitts v. Mills* (1975), 165 Ind. App. 646, 333 N.E.2d 897.

In the case at bar, there exists more than a mere theoretical question or controversy because the police officers on behalf of whom FOP brought suit had a substantial interest in the relief sought which

---

**2.** FOP does not challenge the validity of SOP 313.00 purporting to prohibit police officers from engaging in any off-duty employment at

locations or for persons connected with unlawful activities involving the gaming laws of the State of Indiana.

would be directly affected by enforcement of the regulation in question. Many Evansville police officers were engaged in off-duty employment in locations where alcohol was consumed or served. They were entitled to a determination of their liability under SOP 313.00. Further, any uncertainty and controversy over the application of SOP 313.00 would be terminated by a judgment declaring the regulation valid or void.

Likewise, Evansville's contention that SOP 313.00 does not affect a property right is also without merit. The Uniform Declaratory Judgment Act does not speak in terms of property rights but rather "rights, status or other legal relations." *See* IND.CODE 34-4-10-2. Moreover, Ind. Rules of Procedure, Trial Rule 57 expressly states: "Declaratory relief shall be allowed even though a property right is not involved." *See Sendak v. Allen* (1975), 164 Ind.App. 589, 330 N.E.2d 333. At the very least, there certainly existed here the ripening seeds of a controversy. Thus, FOP invoked the declaratory judgment proceedings as a proper means of testing the validity of SOP 313.00.

With regard to FOP's contentions attacking the validity of SOP 313.00, we believe the resolution of such question is controled by *Mobley v. City of Evansville* (1960), 130 Ind.App. 575, 167 N.E.2d 473. In *Mobley*, the Evansville City Board of Public Safety (the Board) passed a resolution prohibiting all members of the Evansville Fire Department from tending bar in taverns or selling alcoholic beverages of any kind. Mobley, a seven year veteran of the Evansville Fire Department, had been selling alcohol at the time the order was issued, knew of its existence, and willfully refused to comply with such. The Board subsequently charged Mobley with disobeying the order and held a hearing thereon. Following the hearing, Mobley was found guilty of disobeying the order and was discharged.

On appeal this court reversed the decision of the safety board finding that Mobley's discharge was improper. In doing so the court noted that by virtue of the Indiana Tenure Act, currently codified at IND.CODE 36-8-3-4, a municipal fireman may be removed only in accordance with the causes for removal set forth in the act. We observed that "neglect or disobedience of orders" was one of several actions listed as cause for the removal of a member of the fire department. We held that in order to constitute cause for discharge, the order which a claimant allegedly violated must bear a reasonable relation to the claimant's fitness and capacity to hold his position. *See also City of Fort Wayne v. Bishop* (1950), 228 Ind. 304, 92 N.E.2d 544; *State ex rel. Felthoff v. Richards* (1932), 203 Ind. 637, 180 N.E. 596; *City of Greenwood v. Dowler* (1986), Ind.App., 492 N.E.2d 1081; *Pope v. Marion County Sheriff's Merit Board* (1973), 157 Ind.App. 636, 301 N.E.2d 386. The *Mobley* court found that the restriction prohibiting all members of the Evansville Fire Department from tending bar and selling alcoholic beverages did not bear any reasonable relationship to fitness to serve as a fireman.

We find this analysis compelling and see no reason why such should not be similarly applicable to police officers. SOP 313.00 purports to prohibit members of the Evansville Police Department from engaging in any off-duty employment at locations where alcoholic beverages are served or consumed. On its face, this prohibition is broader than the restriction at issue in *Mobley*. The Indiana Tenure Act still remains in effect and provides that members of the police or fire department may be dismissed only upon one of the enumerated causes set forth under the act. "Disobedience of orders" remains one of the several causes for removal. IND.CODE 36-8-3-4(b)(2)(C). Thus, we must determine pursuant to the standard announced in *Mobley* whether SOP 313.00 bears a reasonable relationship to the police officer's fitness and capacity to hold his or her position. *Mobley*, 130 Ind.App. at 584, 167 N.E.2d at 476. Evansville argues that if an officer is permitted to work for a permittee or sell alcoholic beverages, the officer may overlook criminal activity in an effort to maximize the profits of the establishment for whom the officer is employed. FOP rightly points out that to do so would be a

violation of other regulations of the department requiring the enforcement of federal, state, and local laws.

We see no reason to deviate from the standard of review announced in *Mobley* and cannot find how SOP 313.00 bears a reasonable relationship to an officer's fitness and capacity to hold a position as an officer. Therefore, we must reverse the trial court's judgment upholding SOP 313.-00.

Judgment reversed.

RATLIFF, C.J., and ROBERTSON, J., concur.