FRATERNAL ORDER OF POLICE, LOCAL LODGE 73, Frank Wilkins, Richard Johnson, Bruce Belwood, Pete Dossett, Earnest Meriwether, Jim Wooley, Mike Sitzman, Jim Magary, Steve Carlile, Stan Davis, Dan Carlile, Steve Cain, and Mike Winters, Appellants,

v.

The CITY OF EVANSVILLE, Indiana, Appellee.

No. 63S01–9009–CV–589.

Supreme Court of Indiana.

Sept. 10, 1990.

Charles L. Berger, Mark W. Rietman, Evansville, John C. Ruckelshaus, Indianapolis, for appellants.

Allan G. Loosemore, Jr., Asst. City Atty., Evansville, for appellee.

CIVIL PETITION TO TRANSFER

PIVARNIK, Justice.

This cause comes to us on a petition to transfer from the First District Court of

Appeals. The Plaintiffs below, Fraternal Order of Police (FOP) and several officers of the Evansville Police Department, instituted an action for declaratory judgment and injunctive relief against the City of Evansville. A judgment in favor of the City was reversed by the Court of Appeals. *Fraternal Order of Police, Local Lodge 73 v. City of Evansville* (1989), Ind.App., 542 N.E.2d 223.

At issue in this case is Standard Operating Procedure (SOP) 313.00, issued by the chief of the Evansville Police Department, which reads, in pertinent part, as follows:

*General*

1. Officers of the Department will not engage, either directly or indirectly, in any off-duty employment:

    A. Where alcoholic beverages are sold and consumed;

    B. At any location which is connected with unlawful activities involving the gaming or other laws of the State of Indiana;

    C. With, or for, anyone who is connected with unlawful activities involving the gaming or other laws of the State of Indiana.

2. Officers will submit a report of their off-duty employment plans. This off-duty employment will be denied by their commanding officer if the circumstances of the employment are contrary to the rules and regulations or if, in his opinion, the employment would hinder the performance of the officer's official duties.

    . . . .

*Failure to Follow Proper Procedure*

Failure to report off-duty employment or failure to follow the guidelines set out in this procedure, may result in:

1. The City not indemnifying the officer.

2. Disciplinary action.

SOP 313.00, issued April 4, 1988, was a recodification of two prior rules issued by the Police Merit Commission but not previously enforced. Evidence showed that about 80% of the Evansville police force worked part time during their off-duty hours, many of them in places where alcoholic beverages are served.

FOP and the police officers filed their complaint on April 21, 1988, seeking to declare SOP 313.00 invalid due to its prohibition of off-duty employment at places where alcoholic beverages are served. After a hearing, the trial court issued findings of fact and conclusions of law in favor of the City. The court found that SOP 313.00 bore a reasonable relationship to the fitness and capacity of the Evansville police officers to serve in their positions and that there was a rational connection between the rule and legitimate public interests articulated by the City.

The Court of Appeals reversed and found SOP 313.00 to be invalid. The court first found that FOP and the officers did have a justiciable claim pursuant to Indiana's Declaratory Judgments Act. Ind.Code §§ 34-4-10-1 to 16. The court then held, citing *Mobley v. City of Evansville* (1960), 130 Ind.App. 575, 167 N.E.2d 473, that SOP 313.00 does not bear a reasonable relationship to the claimants' fitness or capacity as officers.

The only issues presented to this Court on transfer concern the following:

1. The proper test to use to gauge the validity of SOP 313.00; and

2. Application of the proper judicial test to the facts of this case.

I

■ The City contends that the Court of Appeals erroneously relied on *Mobley, supra,* because such reliance imposed the burden of proof upon the City to show a reasonable relationship between the regulation and the fitness and capacity of the officers to perform their duties. The City correctly states that the burden of proof lies with the officers challenging the rule. However, we do not read the Court of Appeals' reliance on *Mobley* as placing the burden of proof upon the City to justify SOP 313.00.

■ The briefs filed on transfer do demonstrate, however, that the standard of review for cases such as this one requires

some clarification. We agree with the Court of Appeals that tenured members of a police or fire department in Indiana may be removed only for reasons enumerated in the tenure act, Ind.Code § 36–8–3–4(b)(2). In addition, we hold that when tenured members of a police or fire department challenge a rule or regulation of a municipality relating to their employment, the rule is presumed to be valid and the employees bear the burden of showing "that there is no rational connection between the regulation ... and the promotion of safety of persons and property." *Kelley v. Johnson* (1976), 425 U.S. 238, 247, 96 S.Ct. 1440, 1446, 47 L.Ed.2d 708, 715–16. *See also Harrah Independent School Dist. v. Martin* (1979), 440 U.S. 194, 198, 99 S.Ct. 1062, 1064, 59 L.Ed.2d 248, 254 (similar standard for tenured teachers).

## II

■ Having determined the proper standard to apply to regulations imposed on police officers' employment, we now proceed to apply it to the facts of this case.

The City asserts that to allow the police officers to remain employed at places where alcohol is served would create conflicts of interest which may affect the officers' decisions on whether or how to control disturbances and on enforcing the law when they observe its violation. The City is also concerned about its potential expanded liability to those injured by police officers performing their jobs for their off-duty employers. These contentions by the City indicate the obvious difference between the duties of police officers and firemen which the Court of Appeals failed to recognize in its reliance on *Mobley.*

In *McAtee v. Mentzer* (1984), W.Va., 321 S.E.2d 699, the Supreme Court of Appeals of West Virginia upheld reasons similar to those of the City of Evansville in a nearly identical case. The rule in *McAtee* prohibited police officers from engaging "either directly or indirectly as a vendor of intoxicating liquors." The court found the City's interests in avoiding liability and in preventing conflicts of interest were sound public policy. *Id.* at 702. That court's

ruling is in accordance with the views of the U.S. Supreme Court and appellate courts of this State. In *Kelley, supra,* the Supreme Court upheld a county regulation limiting police officers' hair length despite claims it violated the officers' first amendment freedom of expression and fourteenth amendment guarantees of due process and equal protection. The Court approved rationales given for the regulation, specifically stating:

> Here the county has chosen a mode of organization which it undoubtedly deems the most efficient in enabling its police to carry out the duties assigned to them under state and local law. Such a choice necessarily gives weight to the overall need for discipline, esprit de corps and uniformity.
>
> . . . .
>
> The promotion of safety of persons and property is unquestionably at the core of the State's police power, and virtually all state and local governments employ a uniformed police force to aid in the accomplishment of that purpose. Choice of organization, dress and equipment for law enforcement personnel is a decision entitled to the same sort of presumption of legislative validity as are state choices designed to promote other aims within the cognizance of the State's police power.

425 U.S. at 246–47, 96 S.Ct. at 1445–46, 47 L.Ed.2d at 715–16. In addition, the Indiana Court of Appeals has recognized "[f]rom the very nature of a policeman's duties, his conduct in the community on and off duty must be above reproach." *Pope v. Marion County Sheriff's Merit Bd.* (1973), 157 Ind. App. 636, 646–47, 301 N.E.2d 386, 391. All of these cases directly support the City of Evansville's rationales for its rule. FOP and the officers have failed to show that there is no rational connection between SOP 313.00 and the City's interest in protecting its citizens.

Because the City's justifications for SOP 313.00 show a rational connection between the rule and the City's objective in promoting the safety of persons and property, we

find that the trial court correctly ruled in favor of the City of Evansville.

Transfer is granted, the opinion of the Court of Appeals is vacated and the judgment of the trial court is affirmed.

DeBRULER, GIVAN and DICKSON, JJ., concur.

SHEPARD, C.J., not participating.