CITY OF GOSHEN, Appellant–
Defendant Below,

v.

Larry D. COOPER, Appellee–
Plaintiff Below.

No. 20A04–9108–CV–272.[1]

Court of Appeals of Indiana,
Third District.

Feb. 11, 1992.

1. This case has been diverted to this office by order of the Chief Judge.

Larry A. Barkes, Mark A. Armstrong, Hartzog, Barker Hepler & Saunders, Goshen, for appellant-defendant below.

Joseph V. Simeri, Butler, Simeri, Konopa & Laderer, South Bend, for appellee-plaintiff below.

STATON, Judge.

The City of Goshen, Indiana (City) appeals the trial court's denial of its motion to correct errors following judicial review of a decision by the Goshen Board of Public Works and Safety (Board) demoting fireman Larry Cooper from the rank of lieutenant to private. The Board demoted Cooper for the violation of a fire department rule, enacted by the Board. The City raises three issues for our review, rephrased as:

  I. Whether the trial court erred in concluding that the Board may not establish conditions a fireman must meet in order to maintain rank absent a city ordinance establishing such conditions.

  II. Whether the trial court erred in concluding that Cooper's demotion was not authorized by Indiana law.

  III. Whether the trial court erred in concluding that the City may not alter job requirements once an employee has been placed in a given position.

We affirm.

The City employed Cooper as a paramedic with the fire department when, in 1982, the City promoted him to the rank of "lieutenant of ambulance." Ambulance personnel have different job responsibilities from fire personnel, although the two branches of service overlap in several areas. Despite the fact that a City ordinance lists the rank and corresponding pay of firefighters from private to chief (including lieutenant), there is no ordinance distinguishing a "lieutenant of ambulance" from a "lieutenant of fire." Cooper held the lieutenant of ambulance rank until June of 1988, when he notified his superiors of his intention to resign his State Paramedics Certification. A few months later, City fire chief Greig Weaver issued the following orders:

  An E.M.S. Officer must be a state certified paramedic. The senior E.M.S. Officer will be in charge of all E.M.S. scenes but will have no rank at fire scenes. The Captain will be responsible for coordinating all E.M.S. activities and completing all monthly and yearly reports. The ambulance lieutenant will be the liaison of the captain and coordinate E.M.S. activities for his shift.

  Any paramedic officer who voluntarily or involuntarily drops his paramedic certification will be demoted to the rank he held prior. If the paramedic has tested for a fire officer's position he will then keep the rank he tested for.

Plaintiff's Exhibits 3 & 7, p. 19. The Board adopted the first of these two orders as a rule.

In May of 1989, Cooper allowed his paramedic certification to lapse, and Weaver initiated disciplinary proceedings. The Board demoted Cooper after a hearing, with the stated reason that Cooper "dropped his paramedic certification from the Fire Department." Plaintiff's Exhibit 8, p. 54. Cooper sought review with the trial court, and the trial court reversed, concluding that Cooper had a protected property interest in the rank of lieutenant as enacted by ordinance, and that he could not be deprived of this interest absent a reason specifically enumerated by statute. Finding such a reason absent, the court

found in favor of Cooper, and the City now appeals.

The review of an administrative action is limited to whether the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. *City of Greenwood v. Dowler* (1986), Ind.App., 492 N.E.2d 1081, *reh'g denied.* The disciplinary action must bear a reasonable relation to an officer's fitness or capacity to hold that position. *Id.* at 1084–85. However, a reviewing court must give deference to, and may not substitute its judgment for, that of the administrative body. *Id.*

Our supreme court recently clarified the standard of review for cases such as this in *Fraternal Order of Police, Local Lodge 73 v. City of Evansville* (1990), Ind., 559 N.E.2d 607 [*FOP Lodge 73*]. Tenured members of a police or fire department may be disciplined only for the reasons enumerated in the tenure act, IND.CODE 36–8–3–4. *FOP Lodge 73, supra,* at 609. Those reasons include:

> A finding and decision of the safety board that the member has been or is guilty of any one [1] or more of the following:
>
> \*   \*   \*   \*   \*   \*
>
> (B) A violation of rules....

IC 36–8–3–4(b)(2).

The Board demoted Cooper for violating the rule requiring him to maintain his paramedics certification as a condition for retaining his "Lieutenant of Ambulance" rank. This rule is presumed valid, and Cooper has the burden of showing "that there is no rational connection between the regulation ... and the promotion of safety of persons and property." *FOP Lodge 73, supra,* at 609 (quoting *Kelley v. Johnson* (1976), 425 U.S. 238, 247, 96 S.Ct. 1440, 1446, 47 L.Ed.2d 708, 715–16).

Prior to applying this standard, however, we must address the threshold question of whether the Board enacted or otherwise adopted the rule at issue in this case.

■ The record in this case reveals that the Board adopted only one of the two rules proposed by fire chief Weaver in De-

cember of 1988. The rule pertaining to automatic demotion for dropping the paramedic's certification was never adopted. The City relies on IC 36–8–3–3(g) as support for the proposition that the fire chief has rulemaking powers commensurate with those exercised by the Board. This reliance is misplaced. IC 36–8–3–3(g) merely states that "the fire chief has exclusive control of the fire department, *subject to the rules and orders of the safety board."* (emphasis added). The fire chief does not have the authority to promulgate rules governing the discipline of firefighters. *See* IC 36–8–3–2(d)(1). That Chief Weaver knew this is evidenced by his letter notifying Cooper of the purported rules violation. The letter does not refer to the paramedics certification rule, but rather to the rule requiring an E.M.S. officer to be a paramedic. Defendant's Exhibit A. The notice of hearing also refers only to the E.M.S. officer requirement. Therefore, we shall limit our review accordingly.

■ In its judgment reversing the Board's determination, the trial court concluded:

> The ultimate question is whether this Lieutenant (the Plaintiff) can be demoted from the rank of Lieutenant for no longer having his paramedic certification when that is not a requirement for Lieutenant under the ordinances as passed by the Goshen City Council.

Record, p. 42. The court answered this question in the negative. The City now contends that this determination was in error, and that the qualifications, conditions, and rules pertaining to each rank need not be specified by ordinance. We agree.

■ The employment status of a firefighter is created by "the combination of relevant statutes, ordinances, and safety board records which prescribe duties and procedures such as appointment, compensation, demotion and hearings[.]" *City of Terre Haute v. Brown* (1985), Ind.App., 483 N.E.2d 786, 787, *reh'g denied.* Moreover, under Indiana law, a safety board may:

(1) Adopt rules for the government and discipline of the police and fire departments; and

(2) Adopt general and special orders to the police and fire departments through the chiefs of the department.

IC 36–8–3–2(d). The tenure act speaks further to the Board's rulemaking powers. IC 36–8–3–3(e) states:

The safety board, *subject to ordinance,* may also fix the number of members of the police and fire departments and the number of appointees for other purposes and may, *subject to law,* adopt rules for the appointment of members of the departments and for their government.

(emphasis added). The legislative intent in the use of the terms "subject to ordinance" and "subject to law" is apparent. An ordinance is not required for a safety board to adopt rules for the appointment and government of the members of the fire department. The phrase "subject to law" in the statutory predecessor to IC 36–8–3–3(e) (Section 48–6101, Burns' 1933) has been interpreted as authorizing a board to adopt rules subject to limitations placed by state law existing when the rules were promulgated. *City of East Chicago v. State ex rel. Pitzer* (1949), 227 Ind. 241, 84 N.E.2d 588. Thus, as long as the rule is adopted in accordance with state law, a safety board is within its authority by promulgating the rule. This brings us to the City's second contention; i.e., that Cooper was properly demoted for the violation of a duly-promulgated rule. We again quote the rule at issue:

An E.M.S. Officer must be a state certified paramedic. The senior E.M.S. Officer will be in charge of all E.M.S. scenes but will have no rank at fire scenes. The Captain will be responsible for coordinating all E.M.S. activities and completing all monthly and yearly reports. The ambulance lieutenant will be the liaison of the captain and coordinate E.M.S. activities for his shift.

Plaintiff's Exhibit 7, p. 19.

Rather than hold the rule invalid, the trial court concluded that the regulation did not apply because the City had not established a separate rank of "ambulance lieutenant" and, therefore, Cooper had a legitimate property interest in the expectation of continued employment as a lieutenant. We agree.

The Goshen Fire Department rules and regulations do not establish a separate rank of ambulance lieutenant, nor does the rank of lieutenant as described in the rules distinguish between "fire" officers and "ambulance" officers. Similarly, the rules provide no description of the responsibilities or qualifications of an "E.M.S. officer," although an Emergency Medical Technician (E.M.T.) appears in the rules as an "assignment." The term "E.M.S. officer" is simply not found elsewhere in the rules and regulations. In fact, the rules uniformly refer to members as "fire-fighters." Cooper often performed the duties of a lieutenant at fire scenes only.

An officer with paramedic certification, including a lieutenant, is entitled to additional salary. It is not apparent from the rules whether a lieutenant who later obtains a paramedic certification is deemed a lieutenant of ambulance. The rules do provide, however, that all officers with an E.M.T. certificate must maintain such licensure or face demotion. While Cooper was cognizant of the fact that he would forfeit his paramedic stipend once he allowed his paramedic certification to lapse, he did maintain his E.M.T. certificate. The clear import of the rules is that a reduction in pay, and not a reduction in rank, is the result when a fire-fighter ceases to become a state-licensed paramedic.

The City contends that this result would lead to situations where too many department members would be placed in command positions. This contention is not well taken in light of the chain of command and command of authority rules for situations in which officers have equal rank. Plaintiff's Exhibit 7, pp. 5–6.

This is not to say that the City cannot achieve its objective of creating two specialized divisions within the fire department. We merely find, as did the trial court, that Cooper had a protected property

interest in the rank of lieutenant which could not be deprived without according him due process of law. *Sheridan v. Town of Merrillville* (1981), Ind.App., 428 N.E.2d 268; *City of Fort Wayne v. Bentley* (1979), 181 Ind.App. 114, 390 N.E.2d 1096, *reh'g denied; Sowers v. City of Fort Wayne* (7th Cir.1984), 737 F.2d 622. The rule upon which Cooper's demotion was based does not require him to maintain his paramedic certification, only that an E.M.S. officer must be a state certified paramedic. Even if a municipal employee receives notice and a hearing, due process is only satisfied when there is cause for the demotion as required by Indiana law. *Biddle v. City of Ft. Wayne* (N.D.Ind.1984), 591 F.Supp. 72. We agree with the trial court that cause was wanting in this case because of the City's failure to articulate any distinction between firefighting and ambulance personnel, an omission which reinforced Cooper's claim of entitlement in his position as lieutenant. *See Sheridan, supra,* at 270–71.

The City also claims that the trial court erred by concluding that the City impermissibly attached conditions to the rank of lieutenant some six (6) years after Cooper was promoted to that rank, much like an *ex post facto* law. Inasmuch as we have already determined that Cooper's demotion was unsupported by rules *given their validity,* consideration of this third argument is academic, and we will not address it.

The trial court is affirmed.

GARRARD and CHEZEM, JJ., concur.