**Richard MORRIS, Thomas Gaslin, Clarence Schiff, Bill Goff, Robert Overby, LeRoy Mentzel, J. Douglas Knight, Plaintiffs-Appellants,**

v.

**CITY OF EVANSVILLE, Russell G. Lloyd, Mayor, City of Evansville, Robert L. Koch, II, City Comptroller, David A. Loehler, Chairman, Finance Committee, Defendants-Appellees.**

No. 1–178A25.

Court of Appeals of Indiana, First District.

May 29, 1979.

---

Roy A. Tyler, Evansville, Rex P. Killian, Indianapolis, for plaintiffs-appellants.

Stephen R. Appel, Evansville, for defendants-appellees.

LYBROOK, Judge.

This is an appeal from an order of the trial court dismissing an action for declaratory judgment brought by members of the Board of Trustees of the Police Pension Fund of the City of Evansville and by the attorney employed by the Board. The Board which consisted of plaintiffs-appellants Richard Morris, Thomas Gaslin, Clarence Schiff, Bill Goff, Robert Overby, and LeRoy Mentzel, sought a declaratory judgment that it had the authority to hire and pay an attorney of its own choice pursuant to Ind.Code 19–1–24–2. The Board asked the trial court to review the actions of the defendants-appellees, City of Evansville, acting through Mayor Russell G. Lloyd, City Comptroller Robert L. Koch II, and Chairman David A. Loehler of the Finance Committee, whereby they refused to honor the provisions of an employment contract entered into between the attorney, plaintiff-appellant J. Douglas Knight, and the Board. Plaintiff-appellant Knight sought a declaration as to the validity of his employment contract.

The action, originally filed April 7, 1977, by various active and retired members of the Police Pension Fund of the City of Evansville, was dismissed May 4, 1977, on the basis that it failed to state a claim upon which relief could be granted. Plaintiffs-appellants filed an amended complaint for

declaratory judgment on May 10, 1977, to which the defendants-appellees (hereinafter referred to as the City), on June 24, 1977, filed a motion to dismiss for failure to state a claim for which relief could be granted. On July 29, 1977, the trial court sustained the City's motion and dismissed the action. The Board then filed its motion to correct errors, which was overruled, and brought this appeal.

The issues presented by the Board for review in this appeal include:

(1) Whether the members of the Board of Trustees of the Police Pension Fund of the City of Evansville have standing to maintain an action for declaratory judgment against various city officials who refused to honor the Board's appropriations request for payment of attorneys fees pursuant to Ind.Code 19–1–24–2, and who refused to honor an employment contract between the Board and an attorney chosen by the Board to represent it.

(2) Whether the attorney employed by the Board has standing to maintain an action for declaratory judgment against various city officials who refuse to honor the provisions of an employment contract entered into between the attorney and the Board.

■  At the outset, we note that the appellees have failed to file a brief in support of the trial court's judgment. The general rule is that where no brief has been filed by the appellee, the judgment may be reversed if the appellants' brief presents a *prima facie* case of error. This rule was established for the protection of this court so that we might be relieved of the burden of controverting the arguments and contentions advanced for a reversal where such burden properly rests upon the appellee. *Metropolitan Board of Zoning Appeals of Marion County v. Weisfeld*, (1963) 134 Ind. App. 428, 189 N.E.2d 109.

This action is subject to the limitations and requirements of the Uniform Declaratory Judgment Act found at Ind.Code 34–4–10–1, *et seq.*, including the following limi-

tations upon who may obtain relief under the act, found at 34–4–10–2:

"Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question or construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

■  This court noted in *Pitts v. Mills*, (1975) Ind.App., 333 N.E.2d 897, that a primary requirement of the Uniform Declaratory Judgment Act is that the plaintiffs demonstrate that they have standing for the relief requested. In order to obtain such relief, the person bringing the action must have a substantial present interest in the relief sought, not merely a theoretical question or controversy but a real or actual controversy, or at least the "ripening seeds of such a controversy," and that a question has arisen affecting such right which ought to be decided in order to safeguard such right. *See also Zoercher v. Agler*, (1930) 202 Ind. 214, 172 N.E. 186; *Montagano v. City of Elkhart*, (1971) 149 Ind.App. 283, 271 N.E.2d 475.

Further, in *Pitts, supra*, at 903, we repeated the language found in Anderson on *Declaratory Judgments*, Vol. 1, 2d Ed., p. 66, which requires:

"In order to invoke the jurisdiction of the court under the declaratory judgment statute, there must be an actual, existing justiciable controversy between the parties having opposing interests, which interests must be direct and substantial, and involve an actual, as distinguished from a possible, or potential dispute; the act may not be used for the purpose of obtaining purely advisory opinions from the court." (Footnote omitted by court in *Pitts*.)

*See also City of Evansville v. Grissom*, (1976) Ind.App., 349 N.E.2d 207.

The Police Pension Fund of the City of Evansville is governed by Ind.Code 19–1–24–1, *et seq.*, which was originally passed in 1925 and which has been amended on several occasions including, most recently, in 1977.[1] Under this statute, the board of trustees of the Police Pension Fund for a city such as Evansville consists of the mayor, city treasurer and chief of police as *ex officio* members of the board; a retired member of the police force; and not more than five nor less than three active members of the police force. A majority of all such trustees shall constitute a quorum for the transaction of business pertaining to the pension fund. The statute further provides that the board of trustees shall have full charge and control of the police pension fund.

Plaintiffs-appellants Morris, Gaslin, Goff, Overby and Mentzel are all officers on active duty with the Police Department of the City of Evansville, and plaintiff-appellant Schiff is a retired police officer of that city. All are members of the Police Pension Fund and meet the statutory qualifications as members of the Board of Trustees of the Police Pension Fund, set out in Ind.Code 19–1–24–1, *et seq.*

Ind.Code 19–1–24–2(b) provides that in any year where the total amount to be paid in benefits, pensions and retirement allowances is estimated to exceed the amount of money available in the fund, the police pension board shall prepare an itemized estimate of the amount of money which will be receipted into and disbursed from the police pension fund during the next fiscal year. This estimate shall include an estimate of the amount of money which will be required by the board during the fiscal year to defray the expenses and obligations incurred and to be incurred by the board in making payments to retired members, members eligible to retire and expected to retire during the fiscal year, and dependents of deceased members. The statute also specifically provides:

"The board is further authorized to provide in its annual budget and to pay out of the funds allocated thereto all necessary expenses of operating the fund, including the payment of all costs of litigation and attorney fees arising in connection with the fund and the payment of benefits and pensions therefrom, and no item of expenditure shall be reduced by the common council, the county board of tax adjustment or by the state board of tax commissioners, any law of this state to the contrary notwithstanding."

The Board submitted a budget for the years 1976 and 1977 to the City in order to fund the Police Pension Fund as required by Ind.Code 19–1–24–2. Included in the amounts requested was an item to cover costs of litigation and attorney fees arising in connection with the fund. Mayor Lloyd subsequently ordered Comptroller Koch not to pay fees for the services of the attorney hired by the Board (plaintiff-appellee Knight). Koehler, the chairman of the City Finance Committee, also ordered the payments not be made. It is the Board's contention that the refusal by defendants-appellees Lloyd, Koch and Koehler (acting on behalf of the City) to pay the budgeted items for costs of litigation and attorneys fees seriously endangered the integrity of the fund and forced the Board to breach the contract entered into between the Board and attorney Knight.[2]

In its Memorandum in Support of the Motion to Dismiss the Complaint, the City argued that no harm was alleged as to any of the first six named plaintiffs (the Board), nor was it alleged that the pension rights of any police officer were impaired by the City's action in refusing to pay plaintiff Knight for legal services connected with the Police Pension Board. The City noted that the pension fund, alleged to be "substantially endangered" by the City's action, is not

1. Acts 1977, (Spec.Sess.), P.L. 9 § 11, p. 105.

2. While the contract between the Board and Knight is not made a part of the record on appeal, for purposes of our review we will assume as true the facts alleged in the complaint pursuant to *Pitts, supra,* and *Gladis v. Melloh,* (1971) 149 Ind.App. 466, 273 N.E.2d 767.

set aside into a separate fund, but the pensions for police officers are paid directly from the City's current revenues. In addition, the City argued, the Board has not proved that legal services were unavailable to the Police Pension Board as a result of the City's refusal to pay Knight. As for Knight, the City asserted that no harm has been demonstrated except for an assertion that the Pension Board had to break its contract with Knight, nor that services actually performed by Knight went uncompensated.

■ In reviewing an Ind.Rules of Procedure, Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the facts alleged in the complaint must be taken as true. *Pitts, supra; Gladis, supra.* To sustain a T.R. 12(B)(6) motion, the trial court must have concluded that upon no stated facts provable under the complaint could plaintiff recover judgment. *Pitts, supra.*

The case at bar is unlike the result reached in the case of *Rainwater v. Merriman,* (1957) 127 Ind.App. 520, 142 N.E.2d 467, where this court held that declaratory relief was not available to an appellee if the appellee would have to resort to another independent action in addition to the declaratory judgment before he could have obtained final relief. Here, a declaration of rights under the statute would resolve the dispute where the money is already appropriated and budgeted, and would have been paid save for the action of the defendants-appellees.

In addition, although attorney Knight may be entitled to bring an action in contract against the Board and the City of Evansville, construction of the Board's rights under the disputed provisions of Ind. Code 19–1–24–2 could conceivably be avoided. We think that T.R. 57 on Declaratory Judgments anticipates such a result and provides for the total resolution of a controversy. T.R. 57 provides:

"The procedure for obtaining a declaratory judgment shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. *The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.* Declaratory relief shall be allowed even though a property right is not involved. Affirmative relief shall be allowed under such remedy when the right thereto is established. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." (Emphasis added.)

■ Plaintiffs seeking declaratory relief must show that their "rights, status or other legal relations" will be directly affected by the enforcement of the statutes in question. *Sendak v. Allen,* (1975) 164 Ind.App. 589, 330 N.E.2d 333; *City of Mishawaka v. Mohney,* (1973) 156 Ind.App. 668, 297 N.E.2d 858.

■ Under Ind.Code 19–1–24–1, *et seq.,* the Board of Trustees has full charge and control of the Police Pension Fund, and apparent statutory authorization to hire an attorney. Moreover, the language of the statute clearly states the legislative intent that "no item of expenditure shall be reduced" by the common council, the county board of tax adjustment or the state board of tax commissioners. It is clear that the members of the Board who brought this action were faced with the dilemma of having acted pursuant to the statute only to be thwarted by the action of defendants-appellees in refusing to pay the attorney. The Board looked to the courts to resolve the problem and clarify the law, by having the provisions of Ind.Code 19–1–24–2(b) construed so as to establish the Board's right to hire an attorney under the statute. The Board and its attorney hired by it have established a *prima facie* case for compliance with Ind.Code 34–4–10–2, and we find that the trial court erred in dismissing the action.

■ Where a complaint shows that the plaintiff may be entitled to some relief, the complaint is not to be dismissed even though the complaining party may not be

entitled to all the particular relief for which he asks in his demand for judgment. *Gladis, supra.*

The order of the trial court dismissing the action for declaratory judgment by the individual board members and the Board's attorney, Knight, is hereby reversed and this cause is remanded for a trial on the merits.

Reversed and remanded.

LOWDERMILK, P. J., and ROBERTSON, J., concur.