**Alan W. FLETCHER and Fraternal Order of Police, Lodge No. 122, Plaintiffs-Appellants,**

**v.**

**TOWN OF HIGHLAND and Board of Metropolitan Police Commissioners of the Town of Highland, Defendants-Appellees.**

**No. 3–783A200.**

Court of Appeals of Indiana,
Third District.

March 28, 1984.

---

**148**

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland & O'Connor, Indianapolis, for plaintiffs-appellants.

Rhett L. Tauber, Theodoros, Anderson & Tauber, P.C., Merrillville, James L. Wieser, Highland, for defendants-appellees.

GARRARD, Judge.

The appellants, Alan W. Fletcher (Fletcher) and Fraternal Order of Police, Lodge No. 122, sought a declaration that an ordinance enacted by the Town of Highland (town) which required town police officers to be "legal residents of Highland" was invalid. The court granted summary judgment for the town and this appeal followed.

The question presented to us concerns the possible controlling or preemptive effect of the chapter of our statutes concerning city police departments upon the chapter concerning town departments. The specific provisions in question provide:

"36–8–9–1 Application of chapter

Sec. 1. This chapter applies to all towns. As added by Acts 1981, P.L. 309, Sec. 60.

36–8–9–6 Statutes governing police departments

Sect. 6. (a) The operation, management, and control of a police department under this chapter is governed by statutes applicable to the management and control of other municipal police departments if those statutes are consistent with this chapter.

(b) The members of the police department may exercise all powers granted to members of police departments by other statutes. The members of the police department are entitled to all the rights, powers, and privileges granted by statute to members of police departments. As added by Acts 1981, P.L. 309, Sec. 60.

36–8–4–1 Application of chapter

Sec. 1. This chapter applies to all cities. As added by Acts 1981, P.L. 309, Sec. 53.

36–8–4–2 Residence requirements

Sec. 2. (a) Members of the police and fire departments must reside within the county in which the city is located.

(b) In a consolidated city, a member who was residing outside the county on January 1, 1975, is exempt from subsection (a).

(c) In a second or third class city, a member must, in addition to complying with subsection (a):

(1) reside within fifteen (15) miles of the corporate boundaries of the city;

(2) have adequate means of transportation into the city; and

(3) maintain in his residence telephone service with the city.

(d) In a third class city having a population of less than ten thousand (10,000), the city legislative body may require, in addition to compliance with subsections (a) and (c), that a member reside within the corporate boundaries of the city until he has served for five (5) years. As added by Acts 1981, P.L. 309, Sec. 53. Amended by Acts 1981, P.L. 44, Sec. 56."

Fletcher argues that under IC 36–8–9–6(a) the management and control of town police departments, which would include establishment of residency requirements, is governed by statutes applicable to the management and control of other municipal, i.e. city, police departments if they are consistent with Chapter 9. He argues that IC 36–8–4–2, which contains residency requirements for city police departments, governs the management and control of police departments in towns, and the towns may not therefore impose stricter requirements.

Highland argues that towns are excluded from the scope of IC 36–8–4–2 because it applies *only* to cities. This places the statute directly in conflict with sections under Chapter 9 which apply *only* to towns. Because the chapters are mutually exclusive, they are "conflicting" so they may not be implemented under IC 36–8–9–6(a). We agree.

■ It is clear from the statutory scheme throughout Title 36, Article 8 that the legislature is careful to state in precise terms to which unit each chapter of Article 8 should apply.[1] IC 36–8–4–1 states that Chapter 4 "applies to all cities." IC 36–8–9–1 states that Chapter 9 "applies to all towns." When a statute is specific and unambiguous, the court must enforce its plain meaning. *State ex rel. Van Natta v.*

*Marlett* (1977), 266 Ind. 571, 365 N.E.2d 763. We must consider "the consistency of all the sections of the statute to each other and to the logical meaning and definition of the language used in the statute." *Id.* at 766. Had the legislature intended to impose residency requirements on town police departments, it could easily have done so expressly. Since it did not and the statutes here are inconsistent with each other, IC 36–8–9–6(a) cannot be used to restrain towns from imposing their own residency requirements on police departments.

An analogous situation arose in *Palmowski v. Town of New Chicago* (1980), Ind. App., 411 N.E.2d 687. There, town police officers maintained that the statute governing city police department compensation should be used as a standard of comparison for determining minimum salaries for town police departments under IC (1970) 19–1–25–2 in amounts "in compliance with any law of the state of Indiana governing such compensation or salary." The court held that since the statute regarding compensation for city police departments applied only to cities, town commissioners need not comply with the statute because it did not govern compensation for town police departments.

■ Because IC 36–8–4–2 applies only to city police departments, towns need not comply. Under IC 36–1–3–4, IC 36–1–3–5, IC 36–1–3–6 and IC 36–1–3–8 (Home Rule Statutes) a town may impose residency requirements on police departments as long as state statutes do not apply. The state has refrained from regulating residency of town police departments and consequently, the Town of Highland is free to do so.

■ Fletcher also maintains that IC 36–8–9–6(b) confers the rights and privileges of city police departments, including the privilege to live beyond the city limits, on town police departments. This argument is similar to one rejected in *Palmowski*. The

---

**1.** *See, e.g.* IC 36–8–2–1 (all units except townships), IC 36–8–3–1 (second and third class cities and other units where specifically indicated), IC 36–8–5–1 (all municipalities), IC 36–8–6–1 (second and third class cities and in towns with Metropolitan Police Commissioners), IC 36–8–·7.5–1 (consolidated city), and IC 36–8–8–1 (all municipalities).

court rejected a claim that the right of minimum compensation given to city police departments in IC (1970), 19–1–5–1 [2] was one to which town police departments were entitled through IC (1970), 19–1–25–4 [now IC 1981 36–8–9–6(b)]. The court applied the often-cited maxim that "the express mention of one person or thing is the exclusion of another." Warton's Legal Maxims, p. 11; *Palmowski* at 689. The court noted that if the legislature had intended to apply the minimum wage law to town police departments, it could have expressly done so. Since it did not, towns were excluded from the scope of the statute. The same reasoning applies here. The legislature has not expressly included town police departments in the residency requirement statute. Since it has not, towns are excluded from its scope.

The grant of Highland's motion for summary judgment is affirmed.

STATON, P.J., and HOFFMAN, J., concur.

---

2.  Repealed by Acts 1981, P.L. 13, Sec. 1.