The decision of the Review Board is affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.

**BOARD OF TRUSTEES OF INDIANAP-OLIS, FIRE DEPARTMENT PENSION FUND, Appellant,**

v.

**CITY OF INDIANAPOLIS, Appellee.**

No. 1–1185 A 294.

Court of Appeals of Indiana, First District.

Oct. 22, 1986.

Rehearing Denied Dec. 1, 1986.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus Roland Hasbrook & O'Connor, Indianapolis, for appellant.

John P. Ryan, Feicia A. Wade, Indianapolis City-County Legal Div., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

The plaintiff-appellant Board of Trustees of Indianapolis Fire Department Pension Fund (Trustees) are appealing from a trial court judgment favorable to the defendant-appellee City of Indianapolis (City).

The operative facts are that the trustees, over a long period of time, utilized the services of an attorney with whom they contracted. In July 1982, the City, through its legal division, attempted to terminate the contract between the Trustees and the attorney and substitute a lawyer from the City's legal division to render services to the Trustees. The Trustees commenced litigation with the trial court eventually concluding that the City was solely responsible for providing legal services to the Trustees.

■ The City raises an issue on cross-appeal. Because it raises a jurisdictional question, it shall be addressed first. The City argues that the Trustees failed to comply with the requirements of the tort claims act, IND.CODE 34-4-16.5-1 *et seq.* and this cause should be dismissed. The complaint filed by the Trustees seeks several forms of injunctive relief; costs and expenses; and, additional relief as may seem just and equitable. Because the tort claims act applies solely to a claim or suit in tort, I.C. 34-4-16.5-1, we are of the opinion that it does not apply in the present case. There was no award of damages resulting from a tort, and we do not read the complaint as seeking that type of compensation. We find no error raised by this issue.

■ The key issue raised by the Trustees is stated as being:

Whether the trial court erred as a matter of law in finding and concluding that I.C. 36-1-3.5-2(b)(2) (Acts of 1982) gave the City, pursuant to Section 3-3(B) of the *Code of Indianapolis* and *Marion County*, and its Corporation Counsel the duty and the authority to furnish all legal services to the mayor, the city-county council, all departments and divisions of the City and all county officials and agencies, including [the Trustees] herein.

Chapters 3 and 3.5 of Article 1 of Title 36 relate to the consolidation of the City of Indianapolis and the County of Marion, the so-called Unigov Act. I.C. 36-1-3.5-2 reads, in part:

36-1-3.5-2 Consolidated city and county; transfer to legislative body

Sec. 2 (a) This section applies to each consolidated city and its county.

(b) Jurisdiction over the following local matters, which before the 1982 regular session of the general assembly have been subjects of statutory concern is transferred to the legislative body of the consolidated city and county;

\*      \*      \*      \*      \*      \*

(2) Certain powers, duties, functions, and obligations of department of metropolitan development (formerly governed by IC 18-4-8-1 through IC 18-4-8-7, IC 18-4-8-10(3), IC 18-4-8-12, IC 18-4-8-13, IC 18-4-8-14, and IC 19-8-23).

The Code of Indianapolis and Marion County § 3–3(B) reads:

(B) *Legal division.*

(a) *Corporation counsel.* The administrator of the legal division shall be the corporation counsel who shall be appointed by and serve at the pleasure of the mayor as required by I.C. 36–3–5–2(d). The corporation counsel shall be responsible to the mayor for the functions of the division.

(b) *Duties and powers.* It shall be the duty of the legal division to furnish all legal services to the mayor, the city-county council, all departments and divisions of the city and all county officials and agencies.

The legal division shall:

(1) Prepare ordinances for introduction before the city-county council and prepare legislative proposals to be introduced in the general assembly;

(2) Prepare leases, deeds, contracts and other legal papers;

(3) Institute legal action for the purpose of enforcing the ordinances of the consolidated city;

(4) Employ the services of outside legal counsel when in the best interests of the consolidated city with the approval of the mayor;

(5) Furnish legal advice and opinions when such legal advice or opinion is requested;

(6) Compromise litigation and effect settlement of impending litigation affecting the consolidated city with the approval of the mayor;

(7) Enter an appearance as attorney for and represent and defend the consolidated city, the mayor, the members of the city-county council, all departments and divisions of the consolidated city, county agencies, all officers, agents and employees thereof in all causes of action wherein they are parties by reason of their official capacity and to conduct all appellate litigation arising therefrom.

It is the Trustees' position that I.C. 36–8–7–22 (formerly I.C. 19–1–37–27), a 1937 statute which is a part of the chapter creating the Firefighters Pension Fund, specifically authorizes the Trustees to hire their own counsel. Special reliance is placed upon that portion of the statute which states:

The local board may, however, annually expend an amount from the 1937 fund that it considers proper for the necessary expenses connected with the fund. Notwithstanding any other law, neither the fiscal body, the county board of tax adjustment, nor the state board of tax commissioners may reduce these expenditures.

Trustees continue their argument by stating that the provision for legal counsel in § 3–3(B) of the Code of Indianapolis and Marion County directly conflicts with the powers conferred on the local board (meaning the Trustees, *see* I.C. 36–8–7–3) under I.C. 36–8–7–22. Consequently, say the Trustees, since the ordinance of City of Indianapolis cannot pre-empt state law, then § 3–3(B) is void to the extent that it regulates who may provide legal counsel to the Trustees. *See* I.C. 36–1–3–8(7); *Fletcher v. Town of Highland,* (1984) Ind.App., 461 N.E.2d 147; *Medias v. City of Indianapolis,* (1939) 216 Ind. 155, 23 N.E.2d 590.

We find the Trustees' position unpersuasive for several reasons. First, the Trustees attempt to characterize the local board as a state agency by virtue of its relationship to the state Public Employees Retirement Fund (PERF) board, which administers the 1977 Firefighter's Pension Fund. *See* I.C. 36–8–8–4. Under I.C. 36–8–8–13, the local board determines preliminarily whether a member is disabled, and the PERF board reviews the local board's findings. Trustees conclude that the unit, here the City of Indianapolis, may not enact § 3–3(B) of the ordinance because a unit is prohibited from regulating a state agency. I.C. 36–1–3–8(7).

Trustees have not succeeded in persuading us that the local board is a state agency by virtue of its interrelationship with the PERF board alluded to above. Similarly unavailing is Trustees' proposition that the

local board is a political subdivision upon which a unit may not impose duties. I.C. 36–1–3–8(3). Trustees present no basis for finding that the local board is either a municipal corporation [1] or a special taxing district [2], as political subdivision is defined. I.C. 36–1–2–13.

While a municipal corporation includes a "separate local governmental entity that may sue or be sued", upon examining the statutes governing the 1937 Fund, it· is apparent that the local board is not a separate local governmental entity.[3] Although the 1937 Fund and its local board were created and the· local board's duties mandated by state statute, the city is responsible in large part for the Fund's management and for operation of the local board.

IND.CODE 36–8–7–3 establishes a 1937 Fund in each unit; a unit is a county, municipality, or township. I.C. 36–1–2–23. Two of the seven-member board of trustees are city officials: the executive of the unit and the fire chief, who serve on the board by virtue of their offices. Elections are held at quarters or houses of the respective companies and ballots are counted by the executive of the unit, the fire chief, and the clerk of the unit. I.C. 36–8–7–5 and –6.

Moreover, the unit's fiscal officer is responsible for deducting the assessment made on members' salaries and for crediting those assessments to the 1937 Fund. I.C. 36–8–7–8(5). Payments to beneficiaries from the 1937 Fund are made by warrant of the unit's fiscal officer, and that officer is the custodian of the 1937 Fund established in each unit. I.C. 36–8–7–20 and –21. The unit's fiscal body is authorized to borrow money to make up for a shortfall in the 1937 Fund. I.C. 36–8–7–15. There is some direct authority for the determination that the local board is an office or department of the city, in I.C. 36–8–7–14(d), wherein the local board is required to submit itemized estimates of receipts and disbursements to be prepared and filed in the same manner and form and at the same time that estimates of *other· offices and departments of the unit* are prepared and filed. Therefore, it seems evident that the unit here, the City of Indianapolis, is not prohibited under I.C. 36–1–3–8(3) or under I.C. 36–1–3–8(7) from exercising power over the local board, which is not a state agency, a separate local governmental entity, or a political subdivision under title 36.

■ Finally, the City of Indianapolis was not precluded from furnishing legal services of its Corporation Counsel to the Trustees because the statute upon which the Trustees rely, I.C. 36–8–7–22, does not specifically confer on the local board the right to appoint its own legal counsel. If a state has not chosen to occupy an area to the exclusion of municipal regulation, then a city may impose additional, reasonable regulations, and may supplement burdens imposed by non-penal law, provided the additional burdens are logically consistent with the statutory purpose. *City of Indianapolis v. Clint's Wrecker Service,* (1982) Ind. App., 440 N.E.2d 737; *Board of Public Safety v. State ex. rel Benkovich,* (1979) 180 Ind.App. 294, 388 N.E.2d 582. Because the ordinance which provides that Indianapolis's Corporation Counsel shall provide legal services to all city departments does not conflict with I.C. 36–8–7–22, the ordi-

1. "Municipal corporation" means unit, school corporation, library district, local housing authority, fire protection district, public transportation corporation, local building authority, local hospital authority or corporation, local airport authority, special service district, or other separate local governmental entity that may sue and be sued. The term does not include special taxing district. I.C. 36–1–2–10.

2. "Special taxing district" means a geographic area within which a special tax may be levied and collected on an *ad valorem* basis on property for the purpose of financing local public governments that are: (1) not political or governmental in nature; and (2) of special benefit to the residents and property of the area. I.C. 36–1–2–18.

3. Directing us to I.C. 36–1–3–5, Trustees also contend that the Board is "another entity" over which the City of Indianapolis may not exercise power. However, the foregoing discussion concluding that the local board is not a separate local governmental entity applies with equal force to the argument that the local board is "another entity."

nance is not void, and the trial court did not err in so finding.

Judgment affirmed.

RATLIFF and NEAL, JJ., concur.