**TOWN OF MUNSTER, Indiana, Hugh D. Brauer, Don P. Johnson, Lawrence Illingworth, David F. Shafer and Phyllis A. Hayden, Appellants–Defendants**

v.

**John HLUSKA, Kurt Matz, Mike Moran, Edward Strbjak, Ken Irk and Douglas Simpson, Appellees–Plaintiffs.**

No. 45A05–9406–CV–235.

Court of Appeals of Indiana,
Fifth District.

Feb. 27, 1995.

Eugene M. Feingold, Steven P. Kennedy, Munster, for appellants.

Stephen A. Tyler, Friedrich Bomberger, Tweedle & Blackmun, P.C., Hammond, for appellees.

## OPINION

SHARPNACK, Chief Judge.

The Town of Munster, Indiana, and the members of the town council of Munster, Hugh D. Brauer, Don P. Johnson, Lawrence Illingworth, David F. Shafer, and Phyllis A. Hayden, (collectively "the Town of Munster") appeal the trial court's entry of summary judgment in favor of John Hluska, Kurt Matz, Mike Moran, Edward Strbjak, Ken Irk, and Douglas Simpson (collectively "the Trustees"), six of the nine members of the

Board of Trustees of the Police Pension Fund of Munster (the "Pension Board") on the Trustees' claim for declaratory relief. We affirm.

The Town of Munster raises five issues, which we consolidate and restate as:

(1) whether the trial court erred in granting the Trustees' motion for summary judgment because neither the Trustees named in the complaint nor the Pension Board itself have standing to bring a declaratory judgment action against the Town of Munster;

(2) whether the trial court erred in granting the Trustees' motion for summary judgment because the Trustees failed to bring their claim in the names of the real parties in interest; and

(3) whether the trial court erred in granting the Trustees' motion for summary judgment because the Trustees failed to join the necessary parties.

The Pension Board was established pursuant to Ind.Code 36-8-6-1 *et seq.*, also known as the "1925 Police Pension Fund Act" (the "Statute"). The purpose of the Statute is to provide a pension fund for members of police departments who have twenty years of service and were hired before May 1, 1977, in second-class and third-class cities and certain towns, such as Munster. I.C. § 36-8-6-1(a). By the terms of the Statute, the Pension Board is managed by a Board of Trustees. I.C. § 36-8-6-2(b). The Board's primary officers are elected officials of the Town of Munster. I.C. § 36-8-6-3(a). The president of the town council is ex-officio the president of the Pension Board. *Id.* The clerk-treasurer of the Town of Munster is ex-officio the treasurer of the Pension Board. *Id.* The Munster Police Chief is an ex-officio member of the Pension Board. I.C. § 36-8-6-2(b)(1). The remainder of the Pension Board's Board of Trustees is composed of six present or retired members of the Munster Police Department who are elected annually by the members of the fund. I.C. §§ 36-8-6-2(b)(2),(3), and (c).

The pension fund is derived from certain sources, among which are assessments made in the name of each member of the police department and taxes levied by the Town of Munster. I.C. §§ 36-8-6-4(b), 36-8-6-5(e). The Pension Board is authorized by statute to provide an annual budget and pay for all necessary expenses of operating the police pension fund. I.C. § 36-8-6-5(b).

The designated evidence in the record shows that in 1991, the Pension Board budgeted for legal fees of $6,000.00. The Town Council rejected that budget item on the basis that the Pension Board had available to it legal representation through the town attorney. In 1992, the Pension Board voted to hire attorney Stephen Tyler as legal counsel for the Pension Board. The terms of Tyler's proposed employment were set forth in a contract between him and the Trustees.

In its budget submitted in 1992, the Pension Board budgeted for compensation of Tyler's services in addition to other legal fees. The Town Council rejected the Pension Board's budget request for legal fees and compensation for Tyler's services on the same basis as before, that the Pension Board had available to it legal representation through the town attorney.

On April 28, 1993, the Trustees filed this declaratory relief action pursuant to Ind. Code § 34-4-10-1 *et seq.* The Trustees sought a judgment "declaring the pension board's authority under law to retain and have paid an attorney of its choice without interference or approval of the Town of Munster or any executive or legislative officer thereof, and further declaring [the Town of Munster's] conduct in refusing to pay the claim already approved by the pension board trustees and in unilaterally eliminating the appropriation for attorneys' fees from the pension board budgets to be contrary to law...." Record, p. 7.

The Town of Munster filed a motion to dismiss the Trustees' complaint, which was denied. Subsequently, the Town of Munster petitioned the trial court for certification for interlocutory appeal. The Trustees filed an objection to the Town's motion and a motion for summary judgment. Thereafter, the Town of Munster filed a cross motion for summary judgment.

Following a hearing on the parties' motions, the trial court entered an order grant-

ing summary judgment in favor of the Trustees. The trial court decreed that the Pension Board has authority under law to retain and pay an attorney of its choice and that the Town's refusal to pay Tyler's attorney fees was contrary to law.

When we review a summary judgment, we are bound by the same standard as the trial court: We may only consider those portions of the pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters designated to the trial court by the moving party for purposes of the motion for summary judgment. *Rosi v. Business Furniture Corp.* (1993), Ind., 615 N.E.2d 431, 434; Ind.Trial Rule 56(C), (H). In addition, the opposing party must designate to the trial court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." *Id.* (quoting T.R. 56(C)). All properly asserted facts and reasonable inferences should be resolved against a moving party. *Indiana Board of Public Welfare v. Tioga Pines* (1993), Ind., 622 N.E.2d 935, 940, *cert. denied* (1994), — U.S. —, 114 S.Ct. 1302, 127 L.Ed.2d 654.

## I.

The Town of Munster argues first that the Trustees, as individually named in the complaint, lack standing to bring an action for declaratory relief because they are not threatened with a demonstrable injury and they lack a substantial present interest in the relief sought. In addition, the Town argues that the Pension Board itself lacks standing to bring an action for declaratory relief because it lacks the authority as an administrative body to hire and budget for legal fees for independent counsel.

The power of the trial court to render declaratory relief is set forth in the Uniform Declaratory Judgments Act, I.C. § 34–4–10–1, *et seq.* (the "Act"). Section 1 of the Act states:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

I.C. § 34–4–10–1.

Section 2 of the Act provides in part:

"Any person ... whose rights, status or other legal relations are affected by statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

I.C. § 34–4–10–2. A primary requirement of the Act is that the plaintiffs demonstrate that they have standing for the relief requested. *Pitts v. Mills,* (1975), 165 Ind.App. 646, 333 N.E.2d 897, 902. In order to obtain declaratory relief, the person bringing the action must have a substantial present interest in the relief sought, not merely a theoretical question or controversy but a real or actual controversy, or at least the "ripening seeds of such a controversy," and that a question has arisen affecting such right which ought to be decided in order to safeguard such right. *Morris v. City of Evansville* (1979), 180 Ind.App. 620, 390 N.E.2d 184, 186.

In the instant case, the Trustees sought a judgment declaring the Pension Board's authority under law to hire and budget legal fees for independent counsel without interference or approval by the Town of Munster. The Trustees base the Pension Board's authority on the 1925 Police Pension Fund Act, Ind.Code § 36–8–6–1 *et seq.* (the "Statute"). In particular, I.C. § 36–8–6–5(b) states:

"The local board may provide in its annual budget and pay all necessary expenses of operating the 1925 fund, *including the payment of all costs of litigation and attorney fees arising in connection with the fund,* as well as the payment of benefits and pensions. *Notwithstanding any other law, neither the municipal legislative body, the county board of tax adjustments,*

*nor the state board of tax commissioners may reduce an item of expenditure."*

I.C. § 36–8–6–5(b) (emphasis added).

■ The issue of standing by a police pension board to seek declaratory relief regarding its right to hire independent counsel and pay for independent counsel's services was settled in *Morris, supra.* In *Morris*, members of the board of trustees of the pension board and their independent counsel sought judgment against the mayor, comptroller, and chairman of the city council finance committee, declaring that the pension board had statutory authority to hire and have paid an attorney of its choice. *Morris*, 390 N.E.2d at 186–87. As in the instant case, the trustees were personally named as parties-plaintiffs in lieu of the pension board. *Id.* 390 N.E.2d at 186. Following the dismissal of their complaint, the named trustees appealed.

On appeal, we determined under the Statute that

"the Board of Trustees has full charge and control of the Police Pension Fund, and apparent statutory authorization to hire an attorney. Moreover, the language of the statute clearly states the legislative intent that 'no item of expenditure shall be reduced' by the common council, the county board of tax adjustment or the state board of tax commissioners. It is clear that the members of the Board who brought this action were faced with the dilemma of having acted pursuant to the statute only to be thwarted by the action of defendants-appellees in refusing to pay the attorney. The Board looked to the courts to resolve the problem and clarify the law, by having the provisions of Ind.Code 19–1–24–2(b) [now I.C. § 36–8–6–5(b) ] construed so as to establish the Board's right to hire an attorney under the statute. The Board and its attorney hired by it have established a *prima facie* case for compliance with Ind.Code 34–4–10–2, and we find that the trial court erred in dismissing the action."

*Id.* 390 N.E.2d at 188 (emphasis in original).

The Town of Munster argues that *Morris* is not controlling in the instant case because the trustees in *Morris* were found to have standing based on the application of the lower standard of review of *"prima facie* showing of error"* because the City of Evansville failed to file an appellee's brief. The general rule is that where no brief has been filed by the appellee, the judgment may be reversed if the appellant's brief presents a *prima facie* case of error. *Id.* 390 N.E.2d at 186. Reversal will ensue only if error is demonstrated in the record and by the appellant's brief. *Herald Telephone v. Fatouros* (1982), Ind.App., 431 N.E.2d 171, 174. We find the Town's argument to be without merit.

In *Morris*, we were presented with the need to construct the language of the statute in order to determine whether the trustees had in fact shown a *prima facie* case for compliance with I.C. § 34–4–10–2 by demonstrating that the trustees had standing to bring the declaratory action. The court's objective in statutory construction is to determine and implement the intent of the legislature. *Superior Const. Co. v. Carr* (1990), Ind., 564 N.E.2d 281, 284. Based on our interpretation of the Statute in *Morris*, we found that the pension board trustees had standing to bring the action; therefore, we determined that the trial court had erred in dismissing the case. The fact that a different standard of review was used in *Morris* than is applied in the instant case has no effect on our determination and implementation of the statutory intent of the legislature in this case.

The Town of Munster argues finally that *Morris* is not applicable because, unlike the instant case, the parties in *Morris* had standing because the action was brought by the independent counsel hired by the board and all of the members of the pension board on behalf of the board. We find this argument to be without merit.

The Trustees in the instant case fall within the class that has standing under I.C. § 34–4–10–2. They are the elected members of the Pension Board and constitute a majority of the board members. The Pension Board is charged with the responsibility to govern and manage the pension fund's business and to execute other duties prescribed under the Statute. *See* I.C. § 36–8–6–2(g). In the in-

stant case, the Trustees are acting on behalf of the entire board. We find no error.[1]

The Town of Munster argues next that the Pension Board itself lacks the authority to bring this action because it is an administrative body which lacks the statutory authority to hire and budget for legal fees for independent counsel. We find this argument to be without merit.

■ *Morris* held that the 1925 Police Pension Fund Act provides the Pension Board with the apparent authority to hire independent counsel and the clear authority to budget for legal fees for independent counsel. *See* I.C. § 36–8–6–5(b); *Morris, supra* 390 N.E.2d at 188. Regardless of its status as either an administrative body or an independent governmental entity, the Pension Board has the statutory authority to hire and budget for legal fees for independent counsel.

Thus, we find that the Trustees had standing to bring this action for declaratory relief.

### II.

The Town of Munster argues next that the Trustees' action for declaratory relief should have been dismissed because it was not brought in the names of the real parties in interest as required by Ind.Trial Rule 17. The Town contends that because this case presents a breach of contract action between the Pension Board and attorney Tyler, they are the real parties in interest. We find this argument to be without merit.

■ To be a real party in interest, one must have a present or substantial interest in the relief sought and be entitled to the fruits of the action. *Brenner v. Powers* (1992), Ind.App., 584 N.E.2d 569, 574; *Estate of Ryan v. Great–West Life Assur. Co.* (1987), Ind.App., 517 N.E.2d 109, 110.

■ The instant action does not involve the disposition of the contract between the Pension Board and Tyler, except to the extent that the Town of Munster has interfered with the Pension Board's authority to perform on the contract. But for the Town's interference in the Pension Board's performance of its contract with Tyler, the contract would have been completed. The Trustees now seek a declaratory judgment which allows the Pension Board to exercise its statutory rights without interference from the Town of Munster. Thus, the real parties in interest to the instant controversy are the Town of Munster and the Pension Board, represented here by the Trustees who brought the action. We therefore find no error.

### III.

■ The Town of Munster argues finally that the trial court erred in granting summary judgment in favor of the Trustees because the Trustees failed to join the necessary parties for a just and final adjudication as required by Ind.Trial Rule 19. The Town contends that because the Trustees failed to name either of the contracting parties—attorney Tyler or the Pension Board—as parties to the action, they would not be bound by the result of the trial court's action, and could thereafter repudiate and sue on the contract. Indiana Trial Rule 19 states, in pertinent part, that

> "[a] person who is subject to service of process shall be joined as a party in the action if:
>
> (1) in his absence complete relief cannot be accorded among those already parties; or

---

1. The Town of Munster argues that instead of *Morris,* the case of *Board of Trustees of Indianapolis Fire Dept. Pension Fund v. City of Indianapolis* (1986), Ind.App., 498 N.E.2d 1002, *reh'g denied, trans. denied,* is controlling in the instant case. We disagree because in *Board of Trustees* we determined that the pension board lacked authority to hire and pay for the services of independent counsel based on a different statute, the 1937 Firefighters' Pension Fund Act, Ind. Code § 36–8–7–1 *et seq.* The particular subsection of the 1937 Firefighters' Fund statute that was the focus of litigation in *Board of Trustees* was I.C. § 36–8–7–22. That subsection provides only that the board may "annually expend an amount from the 1937 fund that it considers proper for the necessary expenses connected with the fund." Whereas in the 1925 Police Pension Fund Statute, I.C. § 36–8–6–5(b) explicitly provides that necessary expenses include all costs of litigation and attorney fees arising in connection with the fund. Thus, the Town of Munster's argument lacks merit.

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

> (a) as a practical matter impair or impede his ability to protect that interest, or

> (b) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Ind.T.R. 19(A)(1), (2)(a), (b).

We find the Town of Munster's argument to be without merit. We have stated previously that the Pension Board is represented by the majority of Trustees who brought the action. The Pension Board therefore is a party to this action.

■ The Town of Munster has failed to convince us that joinder of Tyler is required for just adjudication of the matter. The Town argues that failure to join Tyler means that he would not be bound by the result of the declaratory judgment action. The Town does not explain how the failure of the Trustees to join Tyler would deny the Trustees complete relief were the Trustees to prevail on their complaint or how the failure of the Trustees to join Tyler would protect the Town of Munster from a lawsuit by Tyler were the Town to prevail on the Trustees' complaint. Furthermore, the designated evidence shows that Tyler has not asserted a claim of interest relating to the subject matter of the instant action. Because joinder of the Pension Board and Tyler are not necessary, we find no error.

Accordingly, we affirm the judgment of the trial court.

AFFIRMED.

BARTEAU and RILEY, JJ., concur.