LAKE COUNTY PLAN COMMISSION and Donald Hamilton, as President of the Lake County Plan Commission, Appellants–Plaintiffs,

v.

COUNTY COUNCIL OF LAKE COUNTY, Indiana, Hickory Hills Development Company, L.L.C., USA Waste Services–Hickory Hills, Inc., Appellees–Defendants.

No. 45A03–9802–CV–78.

Court of Appeals of Indiana.

March 9, 1999.

Robert P. Kennedy, Crystal Sharp Bauer, Spangler, Jennings & Dougherty, P.C., Merrillville, Indiana, Attorneys for Appellants.

James L. Wieser, Randy H. Wyllie, Wieser & Sterba, Schererville, Indiana, Steven D. Hardin, McHale Cook & Welch, Indianapolis, Indiana, David McDonald Austgen, Crown Point, Indiana, Ray L. Szarmach, Hammond, Indiana, Attorneys for Appellees.

## OPINION

RATLIFF, Senior Judge

### STATEMENT OF THE CASE

Plaintiffs–Appellants Lake County Plan Commission and Donald Hamilton, as president of the Lake County Plan Commission (collectively, the "Plan Commission") appeal the dismissal of their suit against the Defendants–Appellees County Council of Lake County (the "County Council"); Hickory Hills Development Company, L.L.C. and USA Waste Services–Hickory Hills, Inc. (collectively, "Hickory Hills").

We affirm.

### ISSUE

The Plan Commission raises one issue for our review, which we restate as: whether the trial court erred in dismissing the Plan Commission's suit on the basis that the Plan Commission lacked standing to bring a declaratory judgment action.

## FACTS AND PROCEDURAL HISTORY

On February 9, 1996, Hickory Hills filed an application with the Plan Commission to amend the local zone map, which is incorporated by reference into the local zoning ordinance, to change the classification of Hickory Hills's property from an A–1 (Agricultural) Zoning District to a Conditional Development District. The change in classification was sought in order to allow Hickory Hills to use its property for a municipal solid waste landfill and associated uses.

On August 6, 1996, the Plan Commission held the required public hearing on Hickory Hills's application. At the conclusion of the hearing, the Plan Commission issued an unfavorable recommendation on the application. The Plan Commission certified its unfavorable recommendation and transmitted the recommendation, findings, and its opinions to the County Council.

On September 26, 1996, the County Council held a public meeting on Hickory Hills's application. During the meeting, the County Council received additional information from Hickory Hills and remonstrators. The County Council amended and adopted Hickory Hills's application for a zone map amendment (the "zoning decision").

On December 2, 1996, John Bryant ("Bryant"), one of the remonstrators, filed a declaratory judgment lawsuit challenging the County Council's zoning decision on numerous grounds. On September 25, 1997, the Plan Commission, having failed in an attempt to intervene in Bryant's lawsuit, filed its own declaratory judgment action. The Plan Commission's complaint essentially parroted the allegations of Bryant's complaint. The trial court consolidated the two cases, and it subsequently granted the County Council and Hickory Hills's motion to dismiss the Plan Commission's complaint on the basis that the Plan Commission lacked standing. The Plan Commission now appeals.

## DISCUSSION AND DECISION

■ The Uniform Declaratory Judgment Act states that "[a]ny person ... whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise" may bring a declaratory judgment action. Ind.Code § 34–4–10–2.[1] The trial court determined that the Plan Commission was not an "affected" party, and therefore, the Plan Commission lacked standing to challenge the County Council's zoning decision.

The issue is whether the Plan Commission is "affected" by the County Council's zoning decision, such that it has standing to bring a declaratory judgment action challenging the validity of the decision. The precise meaning of the term "affected" as used in Ind.Code § 34–4–10–2 has not been judicially determined. This court, however, has decided cases involving a plaintiff's standing to challenge a zoning decision by writ of certiorari based upon whether the plaintiff was "aggrieved" by the decision. In both *City of Hammond v. Board of Zoning Appeals*, 152 Ind.App. 480, 284 N.E.2d 119, 125 (1972), and *Metropolitan Development Commission of Marion County v. Cullison*, 151 Ind.App. 48, 277 N.E.2d 905, 907 (1972), *reh'g denied*, we held that a person is "aggrieved" by a zoning decision only when the person has a "substantial grievance, a denial of some personal or property right." We further held that a person must have a legal interest which will be enlarged or diminished by the result of the appeal. *Id.*

■ We find that the interpretation of the writ of certiorari statute as it applies to standing to appeal a zoning decision is analogous to the interpretation of the declaratory judgment statute as it applies to standing to appeal a zoning decision by a declaratory judgment action. Stated differently, we find that the terms "aggrieved," as used in the writ of certiorari statute (Ind.Code § 36–7–4–1003), and "affected," as used in the declaratory judgment statute, are synonymous. Accordingly, we hold that in order to show that it has standing to appeal the County Council's zoning decision the Plan Commission must establish that it has some personal

---

1. The Act has been repealed and recodified. Ind. Code § 34–4–10–2 is now found at Ind.Code § 34–14–1–2.

or property interest in the outcome of the appeal.

■ Our holding is in accordance with the requirement that a person seeking declaratory relief must place before the court a "real" or "justiciable" controversy. *City of Hammond*, 284 N.E.2d at 126. In order to establish a "real" or "justiciable" controversy, the person seeking declaratory relief must show a "direct personal interest" in the zoning decision. *Id.* at 127. This is a significant burden, given that governmental entities "(represent) the State without any personal or private interests. . . ." *Id.* (quoting *Fadell v. Kovacik*, 242 Ind. 610, 181 N.E.2d 228 (1962)).

Here, the Plan Commission contends that it has a "real controversy" with the County Council because the County Council allegedly failed to comply with Ind.Code § 36–7–4–608 by amending and approving Hickory Hills's application without sending it back to obtain the Plan Commission's recommendation on the amendment. In other words, the Plan Commission is contending that it has a personal and legal interest in insuring that the County Council follow the zoning statutes. The Plan Commission fails to state facts from which even a reasonable inference can be drawn that its legal relations were "affected" or that the elements of a justiciable controversy exist. The Plan Commission's complaint does not show that some legal relation or personal interest was put in jeopardy by the County Council's zoning decision. At best, the complaint is requesting an advisory opinion.

The Plan Commission cites *Town of Munster v. Hluska*, 646 N.E.2d 1009 (Ind.Ct.App. 1995), as authority for its position. We find that *Hluska* is inapposite. In *Hluska*, the police pension board sought to hire its own attorney and have Munster approve funds to pay the attorney's fees. We held the board had statutory authorization to hire an attorney and that the authorization could not "be thwarted by the action of [the Town of Munster] in refusing to pay the attorney." 646 N.E.2d at 1013 (quoting *Morris v. City of Evansville*, 180 Ind.App. 620, 390 N.E.2d 184, 188 (1979)). The board had a personal and legal interest in hiring and paying its own attorney, and it had standing to challenge a decision that had a direct effect upon the exercise of its interest. Here, the County Council's zoning decision was directed toward the public in general. It was not directly focused upon the Plan Commission.

The Plan Commission includes in its brief a statement that the County Council's zoning decision constitutes a violation of Ind.Code § 36–2–3.5–2, which requires that the power belonging to the executive branch (the Plan Commission) may not be exercised by the legislative branch (the County Council). The Plan Commission makes no cogent argument on this issue; therefore, the issue is waived. *See* Ind.Appellate Rule 8.3(A)(7).

Finally, the Plan Commission cites cases which it believes stand for the proposition that a governmental agency may challenge a decision involving a substantial public right. These cases, which address the standing of persons other than governmental agencies, are inapposite. *See Zoercher v. Agler*, 202 Ind. 214, 172 N.E. 186 (1930) (holding that taxpayers and landowners had "personal and property rights" which would be injured if the tax was illegally levied); *Marsym Development Corp. v. Winchester Economic Development Commission*, 447 N.E.2d 1138 (Ind. Ct.App.1983), *trans. denied* (holding that a shopping center owner had a pecuniary interest in a municipal resolution which would have an adverse competitive impact on its shopping center); *Sendak v. Allen*, 164 Ind. App. 589, 330 N.E.2d 333 (1975) (holding that two county police officers who were declared candidates for sheriff had a personal interest in seeking judgment declaring whether their candidacies violated a particular criminal statute); *Montagano v. City of Elkhart*, 149 Ind.App. 283, 271 N.E.2d 475 (1971) (holding that private citizens may, with certain restrictions, challenge a city's annexation as a public right).

The persons affected by the County Council's zoning decision are Bryant and his fellow remonstrators. The Plan Commission is not a remonstrator, and it does not have standing as a governmental "watch dog" over the personal rights of others.

## CONCLUSION

The trial court did not err in dismissing the Plan Commission's complaint.

Affirmed.

MATTINGLY, J., and NAJAM, J., concur.