**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANTS:

**DAVID M. AUSTGEN**
**TIMOTHY R. KUIPER**
**MICHAEL J. JASAITIS**
**ADAM M. SWORDEN**
Augstgen Kuiper & Associates, P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEES:

**JAN M. CARROLL**
**PAUL L. JEFFERSON**
**EDWARD SMID**
Barnes & Thornburg  LLP
Indianapolis, Indiana

**JAMES WIESER**
Wieser & Wyllie LLP
Schererville, Indiana



FILED
May 09 2013, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD L. HOFFMAN and CHRISTY G. HOFFMAN, and JOHNSON SUNNYBROOK FARM, LLC, An Indiana Limited Liability Company, | ) ) ) ) ) | |
| Appellants-Plaintiffs, | ) ) | |
| vs. | ) ) | No. 45A03-1206-PL-291 |
| LAKE COUNTY INDIANA, a unit of local government, its County Council as legislative body, and its advisory Plan Commission; SINGLETON STONE, LLC, an Indiana Limited Liability Company; and LAKE COUNTY TRUST CO. #5240, | ) ) ) ) ) ) ) ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Calvin D. Hawkins, Judge
Cause No. 45D02-1103-PL-23

**May 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

In late 2010, the Lake County Council ("the County Council") approved a proposal to rezone 600 acres of land in northern Indiana. Previously an agricultural zone, the County Council's ruling paved the way for the land's use as a stone quarry. After the County Council approved the rezoning, a group of opposed landowners filed a declaratory-judgment action in Lake Superior Court, seeking to invalidate the County Council's actions. The opposed landowners moved for summary judgment, arguing that their due-process rights were violated during the rezoning process. Singleton Stone, LLC, ("Singleton") the proponent of the rezoning, also moved for summary judgment, claiming that the opposed landowners had no standing to challenge certain stages of the proceedings and the County Council's actions were legislative; thus, the opposed landowners were not entitled to due process. The trial court granted Singleton's summary-judgment motion, and the opposed landowners now appeal, again arguing they were denied due process. We conclude that the opposed landowners lack standing to challenge certain stages of the proceedings and were not entitled to due process at the County Council stage, as the County Council was performing a legislative function. We affirm.

## Facts and Procedural History

In January 2010, Singleton filed an application for a zone change with the Lake County Plan Commission ("the Plan Commission"). Singleton sought to rezone 600 acres of land ("the rezoned property") in Lake County from A-1 (Agricultural Zone) to CDD (Conditional Development District) for the operation of a stone quarry.[1] Ronald and Christy Hoffman own twenty acres of land adjacent to the rezoned property. Sunnybrook Farm, LLC, also owns land adjacent to the rezoned property. The Hoffmans and Sunnybrook Farm, LLC (collectively, "the opposed landowners") opposed Singleton's zone-change proposal.

After receiving Singleton's application, the Plan Commission provided notice of a hearing on the proposal to allow public comment.[2] The hearing was held on February 17, 2010, and the parties attended and expressed their opinions about the zone-change proposal. At the conclusion of the hearing, the Plan Commission deferred ruling on the matter for thirty days and scheduled another hearing for March 17, 2010. At the end of the second hearing, the Plan Commission again deferred ruling on the matter, this time for sixty days. Two more public hearings and deferrals followed. Finally, in September 2010, the Plan Commission decided the matter. It forwarded a certified, unfavorable recommendation on Singleton's proposal to the County Council.

The County Council deferred action on Singleton's proposal until a special public meeting in November 2010. At the November meeting, the County Council permitted

---

[1] The Lake County Trust Company #5240 is the owner of the rezoned property and is a party to this appeal.

[2] Notice is one issue disputed by the parties. However, due to our resolution of the other issues raised in this appeal, we need not address the issue of notice.

3

Singleton's attorney to advocate for the zone-change proposal. The County Council also allowed two members of the Plan Commission who voted against the proposal, as well as the Executive Director of the Plan Commission, to speak on behalf of the opposed landowners.[3] After hearing from both sides, the County Council deferred action until its meeting the following month. In December 2010, the County Council approved Singleton's zone-change proposal by a 6-1 vote, enacting Lake County Ordinance No. 2324 ("the Ordinance") to effectuate the rezoning.[4]

In January 2011, the opposed landowners filed a declaratory-judgment action in Lake Superior Court, arguing that the Plan Commission and County Council had violated their due-process rights by providing inadequate notice and opportunity to be heard, among other things. The opposed landowners asked the trial court to set aside the Ordinance. The parties filed competing motions for summary judgment. In relevant part, Singleton argued that the opposed landowners had no standing to challenge the Plan Commission proceedings because they suffered no legal injury at that stage—the Plan Commission had forwarded an unfavorable recommendation on Singleton's proposal to the County Council, and this was a victory for the opposed landowners. Singleton also argued that the County Council's actions were legislative and therefore the opposed landowners were not entitled to due process.

---

[3] Singleton's brief negatively characterizes its relationship with a Plan Commission member who spoke before the Council and references legal proceedings between Singleton and that Plan Commission member. Singleton asks this Court to take judicial notice of those proceedings. *See* Appellee's App. p. 8, n.2. Because the matter is irrelevant to the issues before this Court, we decline to do so.

[4] When its proposal was approved, Singleton executed a written commitment to fulfill twenty-two zoning commitments for the benefit of the opposed landowners and Lake County. These commitments pertain to matters such as road improvements and groundwater protection, and were incorporated in the Ordinance.

4

After oral argument on the motions, the trial court granted Singleton's motion for summary judgment without entering findings or conclusions. *See* Appellant's App. p. 13-14. The opposed landowners now appeal. We affirm.

**Discussion and Decision**

On appeal, the opposed landowners contend that the Plan Commission and County Council violated their due-process rights and the trial court erred by granting Singleton's summary-judgment motion. Singleton argues that the opposed landowners lack standing to challenge the Plan Commission proceedings and the County Council's actions were legislative; therefore, the opposed landowners were not entitled to due process before the County Council.

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007). Where the facts are undisputed and the issue is a pure question of law, we review the matter de novo. *Bellows v. Bd. of Comm'rs of Cnty. of Elkhart*, 926 N.E.2d 96, 114 (Ind. Ct. App. 2010) (citation omitted).

5

## I. Standing

The opposed landowners first argue that the Plan Commission violated their due-process rights. In response to the opposed landowners' claim, Singleton argues that the Plan Commission forwarded a certified, unfavorable recommendation on the rezoning proposal to the County Council, and this was a victory for the opposed landowners. Because the opposed landowners suffered no legal injury at this stage, Singleton claims that they have no standing to challenge the Plan Commission's actions.

This Court has decided cases involving a plaintiff's standing in zoning actions by determining whether the plaintiff was "aggrieved" by the decision at issue. *Bellows*, 926 N.E.2d at 114; *see also Sexton v. Jackson Cnty. Bd. of Zoning Appeals*, 884 N.E.2d 889, 892 (Ind. Ct. App. 2008); *Lake Cnty. Plan Comm'n v. Cnty. Council of Lake Cnty.*, 706 N.E.2d 601, 602 (Ind. Ct. App. 1999). In those cases, we held that a person must be "aggrieved" by a zoning decision. Here, there is no grievance. At the Plan Commission stage, the opposed landowners were victorious—after hearing from the parties, the Plan Commission forwarded a certified, unfavorable recommendation on Singleton's proposal to the County Council. Although the Plan Commission's role in this process is an advisory one, the Plan Commission advised in the landowners' favor; thus, they suffered no injury or grievance, and we need not reach their specific claims regarding due process at this level.

## II. Due Process

The opposed landowners also argue that the County Council violated their due-process rights. But their argument fails because the County Council, the ultimate

authority in Lake County to enact or reject a proposed ordinance, was acting in a legislative capacity.

Our courts have held that "when a common council acts in a legislative capacity, it is not subject to due process requirements." *City of Crown Point v. Misty Woods Props.*, 864 N.E.2d 1069, 1080-81 (Ind. Ct. App. 2007); *see also City of Hobart Common Council v. Behavioral Inst. of Ind., LLC*, 785 N.E.2d 238, 246 (Ind. Ct. App. 2003). Zoning and rezoning are legislative determinations, rather than administrative or quasi-judicial determinations based on fact-finding. *Id.* "In the legislative process, there is no constitutional due-process requirement of a neutral decision maker; rather, the check on legislative power is the ballot box." *Misty Woods*, 864 N.E.2d at 1081 (citing *Perry-Worth Concerned Citizens v. Bd. of Comm'rs of Boone Cnty.*, 723 N.E.2d 457, 460 (Ind. Ct. App. 2000), *trans. denied*). Because the opposed landowners were not entitled to due process in the County Council proceedings, they cannot show a due-process deprivation as a matter of law.

The opposed landowners nonetheless argue that they were entitled to due process for two reasons. First, they argue that the County Council received public comment and additional evidence at its meeting though it was not required to do so, and for this reason, the County Council was bound by due-process protections. The opposed landowners rely on *City of Hobart Common Council v. Behavioral Institute of Indiana*, *LLC*, to support their claim. This reliance is misplaced. *Hobart* dealt with a land-use variance, not rezoning. And *Hobart* explicitly distinguishes variances from rezoning. *See* 785 N.E.2d 246 ("[I]ndividual petitions for land use variances, like the one at issue here, are treated

7

quite differently [from zoning or rezoning] and are considered quasi-judicial proceedings entitled to due process protections."). Because rezoning is a legislative act, unlike variance proceedings, which are quasi-judicial, *Hobart* is inapplicable.

The opposed landowners also argue that we should require due process in this case because the rezoning will affect a limited number of people. In support, they cite a Florida case, *Board of Commissioners v. Snyder*, 627 So. 2d 469 (Fla. 1993), which holds that rezoning affecting a limited number of persons or property owners should be treated as a variance and subject to due-process requirements. *See* Appellant's Reply Br. p. 10-12. Even assuming that the rezoning will affect a limited number of people—and the opposed landowners offer no proof of this—Indiana has not carved out such an exception, and we decline to do so here.

Because the opposed landowners have no standing to challenge the Plan Commission's actions and the County Council acted in a legislative capacity, not subject to due-process requirements, we conclude that the trial court did not err by granting summary judgment for Singleton.

Affirmed.

BAILEY, J., and BROWN, J., concur.